UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNWOOD INVESTMENTS CY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>MAXIM KONOVALOV, et al.,<br><br>Defendants. | Case No. 20-cv-03778-SK<br><br>**ORDER REGARDING REQUEST FOR ALTERNATIVE SERVICE OF PROCESS**<br><br>Regarding Docket Nos. 24 |

Plaintiff Lynwood Investments CY Limited ("Plaintiff") filed an administrative motion for authorization to serve four individual defendants – Maxim Konovalov ("Konovalov"), Igor Sysoev ("Sysoev"), Maxim Dounin ("Dounin") and Andrey Alexeev ("Alexeev") (collectively, "Individual Foreign Defendants") – through alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3).  Rule 4(f)(3) provides that service may be effected "by other means not prohibited by international agreement as directed by the court."  Under the plain language of Rule 4(f)(3), a plaintiff must show that international agreements do not prohibit the "other means" and must obtain a court order to effectuate service in the desired fashion.  In addition, the method of service authorized by the Court "must also comport with constitutional notions of due process." *Rio Properties, Inc. v. Rio International* Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002).

In its administrative motion, Plaintiff fails to substantively address whether service by email – the proposed method of service – to Russian residents would be prohibited by international agreement.  Russia has objected to Article 10 of the Hague Convention, which declares, "[p]rovided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad. . . ."  The Hague Convention, art. 10.  Courts in this jurisdiction have disagreed regarding

whether service by email is prohibited when a country has objected to service by "postal channels" in Article 10.  *Compare, e.g.*, *Agha v. Jacobs*, 2008 WL 2051061, at *1-2 (N.D. Cal. May 13, 2008) (finding plaintiff's "attempt to distinguish email and facsimile from the 'postal channels' referred to in the text of Article 10 . . . unavailing") *with Williams-Sonoma Inc. v. Friendfinder, Inc.*, 2007 WL 1140639 (N.D. Cal. Apr. 17, 2007) (permitting email service on defendants that had objected to Article 10 of the Hague Convention because plaintiff had demonstrated that "service via email is not prohibited by an international agreement").  Plaintiff shall address this conflict in authority and whether service by email to these Individual Foreign Defendants is prohibited by international agreement.

Additionally, Plaintiff seek to serve three of the four Individual Foreign Defendants by serving their employer, F5 Networks, Inc. ("F5"), who is also a defendant in this case.  Konovalov, is the Vice President of Engineering for F5; Sysoev is a Senior Architect for F5; and Dounin is a Principal Software Engineer for F5.  (Dkt. No. 24-1 (Declaration of Alexander D. Pencu), ¶¶ 25, 26, 28, Exs. 13, 14, 16.)  Plaintiff cites authority in which courts have authorized service for officers and directors of a company by serving the company.  *See Rose v. Deer Consumer Products, Inc.*, 2011 WL 6951969 *2 (C.D. Cal. Dec. 29, 2011); *In re LDK Solar Securities Litigation*, 2008 WL 2415186, *4 (N.D. Cal. June 12, 2008).  However, it is not clear whether service for a senior architect and/or a principal software engineer by serving the company would be permissible.

Moreover, Plaintiff allegedly has confirmed valid email addresses for the Individual Foreign Defendants.  (Dkt. No. 24-1, ¶11, Exs. 1-4.)  However, Plaintiff fails to explain how it discovered these email addresses and confirmed they are valid, such as by corresponding with these Individual Foreign Defendants through email or by some other method.

Finally, the Court notes that Plaintiff redacted the email addresses for the Individual Foreign Defendants in order to protect their privacy without prior Court authorization.  Instead, Plaintiff should have filed a motion to file the email addresses under seal, with an unredacted version filed under seal and a publicly filed redacted version, pursuant to the procedures set forth in the Local Rules.

2

By no later than July 15, 2020, Plaintiff shall file a further brief in support of its motion to address these deficiencies. Additionally, by no later than July 15, 2020, Plaintiff shall file a motion to file unredacted versions of the Declaration of Alexander D. Pencu and the supporting exhibits under seal, in compliance with Local Rules.

**IT IS SO ORDERED**.

Dated: July 10, 2020

_____
SALLIE KIM
United States Magistrate Judge