MICHAEL A. JACOBS (CA SBN 111664)
JESSICA L. GRANT (CA SBN 178138)
ERIC AKIRA TATE (CA SBN 178719)
JOYCE LIOU (CA SBN 277720)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522
MJacobs@mofo.com; JGrant@mofo.com
ETate@mofo.com; JLiou@mofo.com

BENJAMIN J. FOX (CA SBN 193374)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone:  213.892.5200
Facsimile:  213.892.5454
BFox@mofo.com

*Attorneys for Defendants*
F5 NETWORKS, INC., NGINX, INC. (BVI)
and NGINX SOFTWARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNWOOD INVESTMENTS CY LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>MAXIM KONOVALOV, IGOR SYSOEV, ANDREY ALEXEEV, MAXIM DOUNIN, GLEB SMIRNOFF, ANGUS ROBERTSON, NGINX, INC. (BVI), NGINX SOFTWARE, INC., NGINX, INC. (DE), BV NGINX, LLC, RUNA CAPITAL, INC., EVENTURE CAPITAL PARTNERS II LLC and F5 NETWORKS, INC.,<br><br>Defendants. | No.  3:20-cv-03778-LHK<br><br>**DEFENDANTS F5 NETWORKS, INC., NGINX, INC. (BVI) AND NGINX SOFTWARE, INC.'S MOTION TO STAY DISCOVERY**<br><br>Date: February 4, 2021<br>Time: 1:30 p.m.<br>Courtroom 8, 4th Floor<br>The Honorable Lucy H. Koh |

## NOTICE OF MOTION AND MOTION TO STAY DISCOVERY

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 4, 2021, at 1:30 p.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Lucy H. Koh, United States District Court, Northern District of California, San Jose Division, Courtroom 8, 4th Floor, 280 South 1st Street, San Jose, California, defendants F5 Networks, Inc., NGINX, Inc. (BVI), and NGINX Software, Inc. (the "F5 Entities") will, and hereby do move the Court to stay discovery in this case until the F5 Entities' motion to dismiss (ECF No. 88) has been decided by this Court.

This Motion is based on this Notice of Motion; the attached Memorandum of Points and Authorities; the Declaration of Jessica Grant and exhibits in support thereof; the papers and records on file in this action; and such other written and oral argument as may be presented to the Court.

Dated:  September  28, 2020        MORRISON & FOERSTER LLP

By:  /s/ Jessica L. Grant
     Jessica L. Grant

     Attorneys for Defendants
     F5 NETWORKS, INC., NGINX, INC.
     (BVI) and NGINX SOFTWARE, INC.

**ISSUE TO BE DECIDED**

1. Whether discovery in this case should be stayed until the motion to dismiss filed by the F5 Entities (ECF No. 88) has been decided by this Court.

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................ 1

BACKGROUND ............................................................................................................................. 2

ARGUMENT .................................................................................................................................. 4

I.    DISCOVERY SHOULD BE STAYED PENDING THE COURT'S RULING ON DEFENDANTS' MOTION TO DISMISS ........................................................................ 4

    A.    The F5 Entities' motion to dismiss is potentially case dispositive or will materially narrow the claims at issue .................................................................... 5

    B.    The motion to dismiss can be resolved without fact discovery ............................. 7

CONCLUSION ............................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Avago Techs. U.S. Inc. v. Nanoprecision Prods., Inc.*,
  No. 16-cv-03737-JCS, 2017 WL 412524 (N.D. Cal. Jan. 31, 2017) .........................................6

*Cellwitch, Inc. v. Tile, Inc.*,
  No. 4:19-CV-01315, 2019 WL 5394848 (N.D. Cal. Oct. 22, 2019) ......................................4, 8

*In re Graphics Processing Units Antitrust Litig.*,
  No. C 06-07417 WHA, 2007 WL 2127577 (N.D. Cal. July 24, 2007) .....................................8

*Hall v. Tilton*,
  No. C 07-3233 RMW (PR), 2010 WL 539679 (N.D. Cal. Feb. 9, 2010) ..............................4, 7

*Jarvis v. Regan*,
  833 F.2d 149 (9th Cir. 1987) ..............................................................................................4, 7, 8

*Little v. City of Seattle*,
  863 F.2d 681 (9th Cir. 1988) ....................................................................................................4

*Montz v. Pilgrim Films & Television, Inc.*,
  649 F.3d 975 (9th Cir. 2011) ....................................................................................................6

*In re Nexus 6p Prods. Liab. Litig.*,
  No. 17-cv-02185-BLF, 2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) ..............................5, 7, 8

*Rae v. Union Bank*,
  725 F.2d 478 (9th Cir. 1984) .................................................................................................4, 7

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
  No. 20-cv-00363-BLF, 2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) ..........................4, 5, 6, 7

*Sharma v. Provident Funding Assocs., L.P.*,
  No. C 09-cv-05968 RS, 2011 WL 13243800 (N.D. Cal. June 20, 2011) ..................................5

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ..................................................................................................5

**INTRODUCTION**

Defendants F5 Networks, Inc., NGINX, Inc. (BVI) and NGINX Software, Inc. (the "F5 Entities") request that the Court exercise its discretion and stay discovery in view of their pending potentially case dispositive motion to dismiss (ECF No. 88).

Lynwood's 140-page complaint alleges 26 claims for relief. (ECF No. 1, hereinafter "Compl."). The complaint identifies a lengthy cast of defendants and others who allegedly participated in a vast conspiracy to deprive plaintiff's assignor, the Russian software company Rambler, of its belatedly-claimed ownership rights in software called NGINX. But the complaint establishes that Rambler knew full well about the off-hours work of its then-employee Igor Sysoev on NGINX, dating back over 16 years to when he publicly released NGINX as open-source software. When Sysoev left Rambler in 2011 to start his own company and dedicate himself full-time to developing the NGINX software, Rambler did not accuse Sysoev of "stealing" its software or claim that NGINX belonged to Rambler. Nor did Rambler advance any such claim during the eight-year period that Sysoev and his fellow co-founders and employees grew NGINX into a successful company.

It was not until defendant F5 Networks acquired NGINX in 2019 for $670 million that Rambler, and its assignee Lynwood, suddenly claimed that Rambler was the rightful owner of NGINX. Based on the implausibility of Lynwood's questionable theory of liability, and the many claim-specific pleading defects evident from the complaint, F5 Networks, NGINX BVI and NGINX Software, Inc. (the "F5 Entities") have moved to dismiss the complaint. (ECF No. 88). The motion to dismiss filed by defendants BV NGINX, LLC, Runa Capital, Inc., Eventure Capital Partners II, LLC (ECF No. 90) raises similar challenges.[1]

Because the motions to dismiss are likely case dispositive, defendants requested that Lynwood agree to stay discovery until the motions are decided. Lynwood refused. Instead, with its 462 document requests, Lynwood appears to seek to harass the defendants and drive up fees and costs in the hopes of extorting a monetary settlement for Lynwood's stale claims.

---

[1] Pursuant to a previously-set briefing schedule (ECF. No. 68), the six individual defendants will file their motion to dismiss on September 30, 2020.

MOT. TO STAY DISCOVERY FILED BY F5 NETWORKS, INC., NGINX, INC. (BVI), AND NGINX SOFTWARE, INC.
No. 3:20-cv-03778-LHK

1

Lynwood cannot legitimately claim any prejudice from a stay. As explained in the F5 Entities' motion to dismiss, Lywnood and Rambler delayed filing this action for many years. (*See* ECF No. 88 at Sec. II.E). The conduct underlying Lynwood's claims began as early as 2004 (Compl. ¶ 518), but even if notice ran from a later date—*e.g.*, December 2011 (when Sysoev left Rambler (*id*. ¶¶ 280-81)); August 28, 2012 (when the first NGINX trademark registration issued (*id*. ¶ 767)); or 2013, when NGINX BVI allegedly rolled out its commercial NGINX Plus products (*id*. ¶ 46)—neither Lynwood nor Rambler took any action for seven years or more. A stay of discovery while the pending motions are decided cannot possibly cause Lynwood any harm.

## BACKGROUND

Lynwood's claims stem from defendant Igor Sysoev's development and release of NGINX software and the subsequent founding of a company to further develop and commercialize that software. Sysoev wrote the early releases of NGINX as a personal project during the time he was employed by Rambler. In 2004, Sysoev published NGINX as open source code, making it free for anyone in the world to download. (Compl. ¶ 21). Lynwood does not allege that Rambler ever objected or instructed Syosev to remove NGINX from the server from which it was publicly available. Instead, after Sysoev made NGINX free to the public as an open source program, and "in recognition of . . . the software code's utility," Rambler gave Sysoev salary increases and paid him bonuses. (*Id*. ¶¶ 21, 191, 101). After NGINX's public release, NGINX's popularity surged "among operators of large Web sites in Russia" and "around the world." (*Id*. ¶¶ 21, 28). Lynwood acknowledges that the open source software "was not a secret" (*id.* at ¶ 215), but nevertheless claims the open sourcing of the code was part of a "covert scheme" to "brazenly" steal the NGINX software from Rambler. (*Id*. ¶¶ 1, 13, 20, 27, 33, 35, 51, 191, 192, 210, 219, 222, 225, 231, 240, 275, 288, 295, 378, 387, 400, 444, 463, 544, 535, 560, 571, 580, 581, 683, 866). That conspiracy allegedly reached its culmination in 2011 when Sysoev and his co-conspirators founded NGINX as a company, supposedly defrauding Rambler along the way. (*Id*. ¶¶ 44-46, 535-36).

Lynwood alleges that in 2019, F5 Networks (a leading multi-cloud application services company headquartered in Seattle) acquired the NGNIX companies for $670 million, knowing that the former employees had breached their duties to Rambler, the rightful owner of the NGINX Software. (*Id*. ¶¶ 55, 404). Lynwood alleges that since the acquisition, F5 Networks has exploited trademarks fraudulently obtained by the defendants. (*Id*. ¶ 447). Lynwood alleges that Rambler did not know about the alleged scheme until 2019 when it was approached by a whistleblower. (*Id*. ¶ 455).

Lynwood—a company based in Limassol, Cyprus—alleges that Rambler assigned Lynwood its rights and claims against the defendants. (*Id.* at ¶ 478). The claims asserted by Lynwood include claims based on Russian employment, tort, contract, trademark, and copyright law.

The F5 Entities filed a motion to dismiss on August 28, 2020. (ECF No. 88). On August 24, 2020, the parties' lead counsel discussed the possibility of stipulating to a discovery stay pending resolution of the motion to dismiss. (Declaration of Jessica Grant, filed concurrently herewith ("Grant Decl.,") ¶ 2). Counsel for the F5 Entities explained that there is a strong chance Lynwood's claims will be significantly narrowed or eliminated, and that it would thus make sense for the parties to avoid expending time and money engaging in discovery until the Court's resolution of the motion to dismiss determines the scope of the case going forward, if any. (*Id.*) Lynwood responded by serving its initial set of requests for production on August 28, 2020. (*Id.*, ¶ 3). This included a set of 222 requests for production to F5 Networks. (*Id.*, ¶ 3, Ex. A). Lynwood propounded similarly unwieldy sets of requests for production on four other defendants in this case on the same date. (*Id.*, ¶ 3). Lynwood propounded a total of 990 requests for production of documents to five defendants on August 28, 2020. (*Id.*)

Counsel for the F5 Entities again met and conferred with plaintiff's counsel on September 11, 2020 about postponing discovery until the motions to dismiss have been resolved. (*Id.*, ¶ 4). Plaintiff's counsel refused, told counsel for the F5 Entities that the F5 Entities should just serve objections, and then propounded—that same day—an additional 240 requests for production to NGINX BVI. (*Id.*, ¶¶ 4-5, Ex. B). Lynwood has now propounded 462 requests for production to

the F5 Entities and 1,230 requests for production in total.

On September 21, 2020, counsel for the F5 Entities wrote Lynwood's counsel to request an extension of the deadline for responding to the 462 document requests until the Court rules on the instant motions.  (*Id.*, Ex. C).  Lynwood's counsel refused.  (*Id.*, Ex. D).

## **ARGUMENT**

### I.      DISCOVERY SHOULD BE STAYED PENDING THE COURT'S RULING ON DEFENDANTS' MOTION TO DISMISS.

A district court has broad discretion to stay discovery pending resolution of dispositive motions, including motions to dismiss.  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (stay furthers the goal of efficiency for the court and litigants; trial court did not abuse its discretion by staying discovery until the immunity issue was decided); *Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-CV-01315, 2019 WL 5394848, at *1 (N.D. Cal. Oct. 22, 2019); 6 James W. Moore et al., MOORE'S FEDERAL PRACTICE – CIVIL § 26.105 n.53.01 (2020).  District courts apply a two-part test to determine whether a discovery stay is warranted.  "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed.  And second, the court must determine whether the pending dispositive motion can be decided absent discovery."  *Hall v. Tilton*, No. C 07-3233 RMW (PR), 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010); *see also Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (holding that district court did not abuse its discretion in granting stay of discovery pending motion to dismiss); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (same).  In applying this two-factor test, the court should take a "preliminary peek" at the merits of the pending motion to assess whether a limited stay of discovery is warranted.  *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-cv-00363-BLF, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020).

A review of the F5 Entities' motion to dismiss demonstrates that every claim in Lynwood's complaint is subject to likely dismissal.

///

///

///

**A.     The F5 Entities' motion to dismiss is potentially case dispositive or will materially narrow the claims at issue.**

To obtain a discovery stay, a party's motion to dismiss need only be *potentially* dispositive as to the claims of the moving parties. *Reveal Chat Holdco, LLC*, 2020 WL 2843369, at *3; *In re Nexus 6p Prods. Liab. Litig.*, No. 17-cv-02185-BLF, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017).

The F5 Entities' motion to dismiss is potentially case dispositive on several independent grounds. First, because Lynwood's complaint sounds in fraud, it "must aver sufficient details to establish the 'who, what, where, when, and how' of the alleged tort[s]." *Sharma v. Provident Funding Assocs., L.P.*, No. C 09-cv-05968 RS, 2011 WL 13243800, at *3 (N.D. Cal. June 20, 2011). These heightened requirements apply not only to allegations of fraud, but claims that are grounded in fraud as well. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). As explained more fully in the F5 Entities' motion to dismiss, Lynwood's entire complaint sounds in fraud, yet it fails to meet the heightened pleading standard of Rule 9(b). (*See* ECF No. 88 at Secs. I.A-C). Lynwood fails to describe the who, what, when, where, why and how of the alleged fraudulent scheme. Lynwood fails to allege *what* actions NGINX Software, Inc. and NGINX BVI took to direct the alleged theft of the equipment, *which* defendant allegedly stole what equipment, *where* each piece of equipment was stolen from, *when* each specific piece of equipment was stolen, and *how* it was stolen. Lynwood similarly fails to allege *what* F5 Networks substantially assisted or knew about, and *how* F5 Networks substantially assisted any of it. *Vess*, 317 F.3d at 1107. Nor does Lynwood "provide the particulars of when, where, or how the alleged conspiracy occurred." *Id.* at 1106. Instead, it lumps all the defendants together, without alleging who specifically did or said what, what specifically was done, or when and how statements were made or actions taken. Because these pleading deficiencies apply to all claims alleged against the F5 Entities, the motion to dismiss is potentially dispositive of the entire case against these defendants.

Lynwood's claims suffer from other readily-seen case dispositive defects, including that they are time-barred. (*See* ECF No. 88 at Secs. II.C-E, III.B, IV.H). The alleged wrongful acts

occurred over 10 years ago and Rambler assigned its rights to Lynwood to pursue this action five years ago. On its face, the complaint demonstrates that the salient events—the former Rambler employees' work on and public release of the open source NGINX software, their formation of the NGINX companies after they left Rambler in 2011, their trademark applications for the NGINX mark, and the sale of NGINX products—were open, public, and well known to Rambler and the software-industry public for more than a decade. The complaint also makes clear that Lynwood's assignor, Rambler, knew about the alleged wrongful conduct back in 2015 because it identified possible claims against the defendants and assigned these claims to Lynwood at that time. (Compl. ¶ 471). *Reveal Chat Holdco, LLC*, 2020 WL 2843369, at *3 (finding that arguments about claims being time-barred are potentially dispositive).

The motion to dismiss also has the potential to significantly narrow the case because each of the claims specifically asserted against the F5 Entities suffers from several fatal defects. For instance, Lynwood—which is merely a holding company (Compl. ¶ 470)—alleges various "NGINX" trademark and false advertising claims under the Lanham Act, but the complaint demonstrates that Lynwood lacks standing to assert these claims. Neither Lynwood nor Rambler uses the trademarks, so Lynwood cannot allege the requisite injury. (*See* ECF No. 88 at Sec. II.A).

Lynwood's employment-related state law claims (Claims 8, 10, 11, 13, 14, and 26) likewise fail because they are preempted by the Copyright Act and superseded by the California Uniform Trade Secrets Act ("CUTSA"). *Montz v. Pilgrim Films & Television, Inc.*, 649 F.3d 975, 979 (9th Cir. 2011); *Avago Techs. U.S. Inc. v. Nanoprecision Prods., Inc.*, No. 16-cv-03737-JCS, 2017 WL 412524, at *5 (N.D. Cal. Jan. 31, 2017) (CUTSA "preemption extends to claims based on the misappropriation of confidential and proprietary information, regardless of whether it qualifies as a trade secret.") (internal quotation and citations omitted). (*See* ECF No. 88 at Secs. IV.A-B). The employment-related claims are also improperly based on (a) post-employment activities for which the former employees owed no duty to Rambler, (b) alleged breaches of "duty" the F5 Entities never owed, or (c) alleged breaches by former employees that pre-date F5 Network's involvement by nearly a decade. (*See* ECF No. 88 at Secs. IV.C-H).

1    Lynwood's copyright claims also suffer from multiple case dispositive defects:  Lynwood
2  fails to properly identify the "copyrighted works" on which its claims are based.  It then fails to
3  allege facts showing copying of constituent elements that are original to Rambler.  The complaint
4  fails to plead facts supporting the elements of contributory or vicarious infringement.  (*See* ECF
5  No. 88 at Secs. III.A-C).

6    Because none of the claims asserted against the F5 Entities has merit, and no amount of
7  additional time or facts can cure the complaint's deficiencies, there is a strong likelihood that
8  defendants' motion to dismiss is "potentially dispositive of the entire case, or at least dispositive
9  on the issue at which discovery is directed."  *Hall*, 2010 WL 539679, at *2.  Accordingly, the F5
10 Entities have satisfied the first pre-requisite for obtaining a discovery stay.  *Reveal Chat Holdco,*
11 *LLC*, 2020 WL 2843369, at *3 (finding first prong of test satisfied because claims are potentially
12 time-barred, plaintiff failed to allege adequate antitrust injury and plaintiff fails to state claim for
13 relief); *In re Nexus 6p Prods.*, 2017 WL 3581188, at *2 (finding that motion to dismiss could be
14 potentially dispositive of the express warranty claims, which in turn would limit the scope of
15 discovery).

16    **B.    The motion to dismiss can be resolved without fact discovery.**

17    The second requirement for obtaining a discovery stay—that the motion to dismiss can be
18 decided without discovery—is satisfied because the F5 Entities' motion to dismiss is based *solely*
19 on the allegations pled in the complaint and does not raise factual issues.  *Rae*, 725 F.2d at 481
20 ("district court did not abuse its discretion in staying Rae's discovery pending resolution of the
21 Rule 12(b) motion [to dismiss]"; court took all the facts alleged in the complaint as true and
22 decided facts as alleged did not add up to either an anti-tying claim or a civil RICO claim);
23 *Reveal Chat Holdco, LLC*, 2020 WL 2843369, at *3.  The motion to dismiss focuses on the fatal
24 pleading deficiencies in Lynwood's complaint—not extrinsic evidence outside the four corners of
25 the complaint—so fact discovery is not required.  *Jarvis*, 833 F.2d at 155 ("[d]iscovery is only
26 appropriate where there are factual issues raised by a Rule 12(b) motion…district court accepted
27 the facts alleged by the appellants as true, but found them deficient as a matter of law. Therefore,
28 since the appellants' complaint did not raise factual issues that required discovery for their

resolution, the district court did not abuse its discretion in staying discovery pending a hearing on the motion to dismiss."); *Cellwitch*, 2019 WL 5394848, at *2 (finding second prong satisfied because "the Court only needs to look at the pleadings in order to issue a decision about its motion to dismiss"); *In Re Nexus 6p Prods.*, 2017 WL 3581188, at *2 ("[t]he Court also notes that the pending motions to dismiss are fully briefed, and can be decided without additional discovery.").

In sum, the F5 Entities have satisfied the two-factor test courts in this district apply and therefore request a stay of discovery until the Court rules upon their motion to dismiss. *See In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417 WHA, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) (concluding that "first resolving the motions to dismiss is the better course.").

## CONCLUSION

The F5 Entities have filed a motion to dismiss that will potentially eliminate or narrow this case while Lynwood has propounded 462 requests for production that appear primarily designed to force the F5 Entities to needlessly expend significant time and expense. The F5 Entities request a stay of discovery until their motion to dismiss is resolved.

Dated: September 28, 2020         MORRISON & FOERSTER LLP

                                  By:  /s/ Jessica L. Grant
                                       Jessica L. Grant

                                  *Attorneys for Defendants*
                                  F5 NETWORKS, INC., NGINX, INC.
                                  (BVI) and NGINX SOFTWARE, INC.