Case 3:20-cv-03778-MMC Document 187 Filed 01/17/23 Page 1 of 4

```
 1   MICHAEL A. JACOBS (CA SBN 111664)
     JESSICA L. GRANT (CA SBN 178138)
 2   ERIC AKIRA TATE (CA SBN 178719)
     JOYCE LIOU (CA SBN 277720)
 3   COOPER J. SPINELLI (CA SB 299299)
     MORRISON & FOERSTER LLP
 4   425 Market Street
     San Francisco, California  94105-2482
 5   Telephone:  415.268.7000
     Facsimile:  415.268.7522
 6   MJacobs@mofo.com; JGrant@mofo.com
     ETate@mofo.com; JLiou@mofo.com
 7
     BENJAMIN J. FOX (CA SBN 193374)
 8   MORRISON & FOERSTER LLP
     707 Wilshire Boulevard
 9   Los Angeles, California  90017-3543
     Telephone:  213.892.5200
10   Facsimile:  213.892.5454
     BFox@mofo.com
11
     PAUL GOLDSTEIN (CA SBN 79613)
12   Stanford Law School
     559 Nathan Abbott Way
13   Stanford, California  94305-8610
     Telephone:  650.723.0313
14   Facsimile:  650.327.0811
     paulgold@stanford.edu
15
     Attorneys for Defendants
16   F5, INC., NGINX, INC. (BVI),
     and NGINX SOFTWARE, INC.
17
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNWOOD INVESTMENTS CY LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>MAXIM KONOVALOV, IGOR SYSOEV, ANDREY ALEXEEV, MAXIM DOUNIN, GLEB SMIRNOFF, ANGUS ROBERTSON, NGINX, INC. (BVI), NGINX SOFTWARE, INC., NGINX, INC. (DE), BV NGINX, LLC, RUNA CAPITAL, INC., EVENTURE CAPITAL PARTNERS II LLC and F5 NETWORKS, INC.,<br><br>Defendants. | No. 20-CV-03778-MMC<br><br>**F5 ENTITIES' ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS A-T TO MICHAEL A. JACOBS' SUPPLEMENTAL DECLARATION IN FURTHER SUPPORT OF THE F5 ENTITIES' MOTION FOR ATTORNEY'S FEES**<br><br>[L.R. 7-11, 79-5]<br><br>Judge: Hon. Maxine M. Chesney |

F5 ENTITIES' ADMINISTRATIVE MOTION TO FILE UNDER SEAL
No. 20-CV-03778-MMC

1

Pursuant to Civil Local Rules 7-11 and 79-5 and the Court's Order affording Defendants leave to supplement their attorney's fee motions as to amount sought (ECF 183), defendants F5, INC., NGINX, INC. (BVI), and NGINX SOFTWARE, INC. (collectively, "F5 Entities") submit this administrative motion for an order to file under seal the billing invoices attached as **Exhibits A** through **Exhibit T** to Michael A. Jacobs' Supplemental Declaration in Further Support of the F5 Entities' Motion for Attorney's Fees ("Invoices"). *See* ECF 183, at 15 (stating that the records may be filed under seal).

Pursuant to Civil L.R. 79-5(c), this administrative motion is accompanied by the following:

1. The specific statement below required by Civil L.R. 79-5(c);
2. Declaration of Michael A. Jacobs in Further Support of F5 Entities' Administrative Motion to Seal ("Jacobs Decl.");
3. A proposed order that lists each document and portion thereof sought to be sealed; and
4. A largely unredacted[1] copy of the Invoices.

The Invoices the F5 Entities seek to file under seal are itemized billing invoices of fees the F5 Entities incurred and paid in defending against Lynwood's lawsuit from July 2020 through April 2022. These Invoices reflect the contemporaneous time records from the F5 Entities' counsel in this case during this period. Jacobs Decl. ¶ 3. The time records therein reflect attorney-client communications with the F5 Entities and attorney work product prepared for the F5 Entities by their counsel Morrison & Foerster. *Id.* ¶ 4. They also reflect attorney impressions and strategic steps taken in defense of the lawsuit and not otherwise obvious from the Court's docket. *Id.* They all have been kept in confidence by the F5 Entities and their counsel. *Id.*

The F5 Entities requested Lynwood to stipulate that it would not use the service or submission of any time entries to argue that defendants have waived the attorney-client privilege or other applicable privilege or protection. Lynwood declined. Jacobs Decl. ¶ 5. Accordingly, the F5 Entities have made narrowly tailored redactions of names of clients, third-party witnesses, and other limited sensitive information needed to preserve privilege. *Id.*

---

[1] The F5 Entities have redacted only names of clients, third-party witnesses, and other limited sensitive information needed to preserve privilege. Jacobs Decl. ¶ 5.

1    Even with these redactions, however, the time records reflect confidential strategic information about the F5 Entities' methods for defending themselves against meritless lawsuits such as the one Lynwood filed, particularly those that concern valuable intellectual property. Jacobs Decl. ¶ 6. Disclosure of this information could give Lynwood and third parties who litigate against the F5 Entities an unfair advantage in other cases. *Id.* To ensure this confidential strategic information is sufficiently protected, the F5 Entities seek to file the Invoices under seal pursuant to the Court's invitation to do so. *See* ECF 183 at 15 (stating that the records may be filed under seal).

Protection from public disclosure of the F5 Entities' confidential strategic information is a legitimate interest that warrants sealing under both the "compelling reasons" standard and the lower "good cause" standard. *Big Baboon, Inc. v. SAP Am., Inc.*, No. 4:17-cv-02082-HSG, 2019 WL 1791421, at *5 (N.D. Cal. Apr. 24, 2019) (finding that confidential business information is sealable); *Fed. Trade Comm'n v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reason existed to seal where disclosure "may harm Qualcomm's or third parties' competitive standing and divulges certain confidential information); *see also Adtrader, Inc. v. Google LLC*, 2020 WL 6389186, at *2 (N.D. Cal. Feb. 24, 2020) (finding good cause to seal records that "reflect[ed] detailed descriptions of work performed by Plaintiffs' attorneys that would reveal the nature of services provided and Plaintiffs' litigation strategy").

If the F5 Entities' Invoices are filed but not sealed, public disclosure could harm the F5 Entities' competitive standing by revealing strategic information to Lynwood's principal (in the unlikely event the judgment is reversed on appeal) as well as third parties who could use the information in connection with other meritless lawsuits against the F5 Entities. A less restrictive alternative to sealing is insufficient. The F5 Entities cannot, for instance, simply redact more information in the Invoices that they seek to protect without inhibiting the ability to assess the reasonableness of the fees they seek.

Accordingly, the F5 Entities request that the Court grant this administrative motion and permit Exhibit A through Exhibit T to Michael A. Jacobs' Supplemental Declaration in Further Support of the F5 Entities Motion for Attorney's Fees to remain under seal.

| | | |
|---|---|---|
| 1 | Dated: January 17, 2023 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By:   /s/ Michael A. Jacobs |
| 4 | |        Michael A. Jacobs |
| 5 | | Attorneys for Defendants<br>F5 NETWORKS, INC., NGINX, INC. (BVI),<br>and NGINX SOFTWARE, INC. |

SF:5359287

F5 ENTITIES' ADMINISTRATIVE MOTION TO FILE UNDER SEAL
No. 20-CV-03778-MMC

4