Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Joseph Taylor Gooch (SBN 294282)
taylor.gooch@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

*Attorneys for Non-Party Netflix, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA,**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LYNWOOD INVESTMENTS CY LIMITED,<br>Plaintiff,<br>v.<br>MAXIM KONOVALOV, IGOR SYSOEV, ANDREY ALEXEEV, MAXIM DOUNIN, GLEB SMIRNOFF, ANGUS ROBERTSON, NGINX, INC. (BVI), NGINX SOFTWARE, INC., NGINX, INC. (DE), BV NGINX, LLC, RUNA CAPITAL, Inc., EVENTURE CAPITAL PARTNERS II, LLC and F5 NETWORKS, INC.,<br>Defendants. | Case No. 3:20-cv-03778-MMC (KAW)<br><br>**ADMINISTRATIVE MOTION TO SEAL NON-PARTY NETFLIX, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND THE DECLARATION OF ED BUKOSKI IN SUPPORT OF THE OPPOSITION** |

1  In accordance with Civil Local Rules 7-11 and 79-5, non-party Netflix, Inc. ("Netflix")
2  submits this Administrative Motion to Seal Non-Party Netflix, Inc.'s Opposition to Plaintiff's
3  Motion to Compel and the Declaration of Ed Bukoski In Support of the Opposition.  Attached to
4  this Motion to Seal is the declaration of Ed Bukoski in Support of Netflix's Motion to Seal
5  ("Sealing Decl.") along with unredacted versions of Netflix's Opposition to Plaintiff's Motion to
6  Compel ("Netflix's Opposition") and the declaration subject to this motion.
7  "Historically, courts have recognized a 'general right to inspect and copy public records
8  and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. Of*
9  *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435
10  U.S. 589, 597 & n.7 (1978)).  There is a "strong presumption in favor of access to court records."
11  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v.*
12  *State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  To overcome this
13  presumption, parties must meet the stringent "compelling reasons" standard.  *Id.*
14  However, the Ninth Circuit carved out an exception "for sealed materials attached to a
15  discovery motion unrelated to the merits of a case." *Id.* at 1097.  "Under this exception, a party
16  need only satisfy the less exacting 'good cause' standard."  *Id.*  Courts have routinely found that
17  motions to compel discovery, the underlying motion here, are subject to the "good cause" standard.
18  *See Bos. Ret. Sys. v. Uber Techs., Inc.*, 2024 WL 665647, at *8 (N.D. Cal. Feb. 16, 2024) (applying
19  "good cause standard to sealed discovery documents" related to underlying motion to compel);
20  *Lyft, Inc. v. AGIS Software Dev. LLC*, 2022 WL 1505879, at *1 (N.D. Cal. Apr. 7, 2022) (finding
21  "good cause" standard applies because Lyft's sealing motions "relate to a motion to compel
22  discovery").  "Good cause" requires a "showing [of] specific prejudice or harm will result."
23  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).
24  Here, such "good cause" exists to support Netflix's motion to seal as significant "prejudice
25  or harm" will follow if the information sought to be sealed is publicly disclosed.  Ed Bukoski is a
26  Senior Software Engineer at Netflix.  Sealing Decl. ¶ 1.  His declaration in support of Netflix's
27  Opposition contains Netflix's confidential business information including details of Netflix's
28

1  source code storage, public disclosure of which would harm Netflix's security and commercial
2  interests.  Sealing Decl. ¶ 3.  These details are also summarized and described in Netflix's
3  Opposition to explain the burden Netflix faces from Plaintiff's discovery requests.  Opposition at
4  8.  More specifically, Mr. Bukoski's declaration and Netflix's Opposition describes Netflix's
5  proprietary technology regarding how it keeps, maintains, and extracts its historic code and
6  databases. Sealing Decl. ¶ 3.  This information is not publicly available or publicly disclosed and
7  has been maintained by Netflix in a confidential manner.  Sealing Decl. ¶ 4.  Disclosure of such
8  information would provide third parties and competitors with information as to where and how
9  Netflix stores its historic source code and the method by which such data can be obtained.  Sealing
10 Decl. ¶ 5. Competitors could exploit this information to gain a competitive advantage over Netflix.
11 *See id*.  Courts have routinely sealed such confidential and proprietary information under the "good
12 cause" standard.  *See Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013)
13 ("One factor that weighs in favor of sealing documents is when the release of the documents will
14 cause competitive harm to a business."); *Impossible Foods Inc. v. Impossible X LLC*, 2025 WL
15 2597537, at *1 (N.D. Cal. Aug. 6, 2025) (finding "good cause" to seal declaration containing
16 "information concerning [Impossible Food's] internal IT systems, document retention policies,
17 and depreciation[sic] processes, disclosure of which would reveal confidential and sensitive
18 information"); *In re Google RTB Consumer Priv. Litig.*, 2023 WL 12088677, at *1 (N.D. Cal. June
19 8, 2023) (granting Google's motion to seal because submissions contain "confidential and
20 proprietary information regarding Google's … data systems, and technical details of sensitive data
21 logs and systems" that "Google argues that public disclosure of this information may give Google's
22 competitors an unfair advantage, may present a cybersecurity risk, or may reveal Google's internal
23 strategies, system designs, and business practices and cause it competitive harm"); *Grace v. Apple,*
24 *Inc.*, 2018 WL 11319050, at *2 (N.D. Cal. Aug. 17, 2018) (sealing documents that contain
25 "propriety[sic] technical information" because "disclosure would cause Apple competitive harm"
26 and documents that "include technical information concerning Apple's databases").  Further,
27 Netflix requests to seal only portions that disclose truly sensitive information.
28

1      In addition, the security limitations described by Mr. Bukoski in his declaration and in
2   Netflix's Opposition could be used by bad actors to access Netflix's systems, including by
3   Netflix's proprietary trade secrets and the sensitive personal information of Netflix's users.
4   Sealing Decl. ¶ 6. Courts frequently find that protecting user or customer data supports sealing a
5   document. *See, e.g., Epic Games, Inc. v. Apple Inc.*, 2021 WL 1925460, at *3 (N.D. Cal. Apr. 30,
6   2021) (ordering the sealing of such "sensitive information" as "user data"); *In re Google RTB
7   Consumer Priv. Litig.*, 2023 WL 12088677, at *1 (N.D. Cal. June 8, 2023) (sealing documents
8   disclosure of which "may present a cybersecurity risk").

9      Accordingly, Netflix requests that the Court allow sealing of portions of Netflix's
10  Opposition and the Declaration of Ed Bukoski In Support of Netflix's Opposition as identified
11  below.

| Document | Portion to Seal |
|---|---|
| Non-Party Netflix, Inc.'s Opposition to Plaintiff's Motion to Compel | Highlighted portions on page 8. |
| Declaration of Ed Bukoski In Support of Non-Party Netflix, Inc.'s Opposition to Plaintiff's Motion to Compel | ¶¶ 3-8. |

Dated: September 19, 2025

Respectfully submitted,

*/s/ Taylor Gooch*

Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Joseph Taylor Gooch (SBN 294282)
taylor.gooch@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Facsimile: (628) 235-1001

*Attorneys for Non-Party Netflix, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of September, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System.

<u>*/s/ Taylor Gooch*</u>
Joseph Taylor Gooch