1  Sonal N. Mehta (SBN 222086)
   sonal.mehta@wilmerhale.com
2  WILMER CUTLER PICKERING
     HALE AND DORR LLP
3  2600 El Camino Real, Suite 400
4  Palo Alto, CA 94306
   Telephone: (650) 858-6000
5  Facsimile: (650) 858-6100

6  Joseph Taylor Gooch (SBN 294282)
   taylor.gooch@wilmerhale.com
7  WILMER CUTLER PICKERING
     HALE AND DORR LLP
8  50 California Street, Suite 3600
9  San Francisco, CA 94111
   Telephone: (628) 235-1002
10 Facsimile: (628) 235-1001

11 *Attorneys for Non-Party*
12 *Netflix, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA,**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LYNWOOD INVESTMENTS CY LIMITED,<br>         Plaintiff,<br>     v.<br><br>MAXIM KONOVALOV, IGOR SYSOEV, ANDREY ALEXEEV, MAXIM DOUNIN, GLEB SMIRNOFF, ANGUS ROBERTSON, NGINX, INC. (BVI), NGINX SOFTWARE, INC., NGINX, INC. (DE), BV NGINX, LLC, RUNA CAPITAL, INC., EVENTURE CAPITAL PARTNERS II, LLC and F5 NETWORKS, INC.,<br>         Defendants. | Case No. 3:20-cv-03778-MMC (KAW)<br><br>**[PUBLIC VERSION] NON-PARTY NETFLIX, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**<br><br>Judge: Hon. Kandis A. Westmore<br>Date: October 16, 2025<br>Time: 1:30 P.M. |

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED............................................................................. 2

BACKGROUND ........................................................................................................................... 2

I.      The Court Orders Limited Discovery In Phase One......................................................... 2

II.     Netflix And Lynwood Are Not At A Discovery Impasse ................................................. 3

LEGAL STANDARD ................................................................................................................... 5

ARGUMENT ................................................................................................................................. 6

I.      Lynwood's Failure To Attempt To Obtain Discovery From Defendants Places An Undue Burden On Netflix .............................................................................................. 6

II.     Lynwood's Claimed Prejudice Is Manufactured .............................................................. 9

III.    Lynwood's Subpoena Exceeds The Scope Of Phase One Discovery............................. 10

       A.     The Subject Matter Of The Subpoena Extends Beyond What Is Allowed Under Phase One ...................................................................................................

IV.    Netflix Is Amenable To A Reasonable Compromise....................................................... 13

CONCLUSION ........................................................................................................................... 13


# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Title Ins. Co. v. Lacelaw Corp.*,
  861 F.2d 224 (9th Cir. 1988) .......................................................................................... 10

*Athalonz, LLC v. Under Armour, Inc.*,
  2024 WL 628846 (N.D. Cal. Feb. 14, 2024) ..................................................................... 8

*Brown v. Nguyen*,
  2024 WL 4765854 (N.D. Cal. Sept. 26, 2024) ................................................................ 12

*Browne v. Clark*,
  2025 WL 819024 (C.D. Cal. Feb. 18, 2025) .................................................................. 10

*Calpine Corp. v. Ace Am. Ins. Co.*,
  2007 WL 3010570 (N.D. Cal. Oct. 12, 2007) ................................................................ 13

*United States v. C.B.S., Inc.*,
  666 F.2d 364 (9th Cir. 1982) ............................................................................................ 6

*In re Coca-Cola Prods. Mktg. & Sales Pracs. Litig. (No. II)*,
  2015 WL 5043846 (N.D. Cal. Aug. 26, 2015) .......................................................... 11, 13

*David Rovinsky LLC v. Peter Marco, LLC*,
  2020 WL 5645792 (C.D. Cal. Sept. 21, 2020) ............................................................... 10

*Elec. Scripting Prods., Inc. v. HTC Am. Inc.*,
  2021 WL 3773607 (N.D. Cal. Aug. 25, 2021) .................................................................. 7

*Free Stream Media Corp. v. Alphonso Inc.*,
  2017 WL 6209309 (N.D. Cal. Dec. 8, 2017) ....................................................... 1, 6, 7, 12

*Genus Lifesciences Inc. v. Lannett Co., Inc.*,
  2019 WL 7313047 (N.D. Cal. Dec. 30, 2019) ............................................................. 1, 6

*Jimenez v. Hyatt Corp.*,
  2025 WL 1881953 (E.D. Cal. July 8, 2025) ................................................................... 13

*LegalZoom.com v. Rocket Law. Inc.*,
  2015 WL 12832823 (N.D. Cal. Mar. 23, 2015) ................................................................ 7

*Lemberg Law LLC v. Hussin*,
  2016 WL 3231300 (N.D. Cal. June 13, 2016) .................................................................. 6

*Lynwood Invs. CY Ltd. v. Konovalov*,
  2024 WL 4688895 (9th Cir. Nov. 6, 2024) ............................................................. 2, 9, 10

*Nachison v. Am. Airlines, Inc.*,
  2025 WL 346081 (N.D. Cal. Jan. 30, 2025) ................................................................ 5, 7

*Nidec Corp. v. Victor Co. of Japan*,
  249 F.R.D. 575 (N.D. Cal. 2007) ..................................................................................... 6

*Slovin v. CallFire, Inc.*,
  2017 WL 11549626 (C.D. Cal. Aug. 18, 2017) ............................................................ 8, 9

*Sullivan v. Personalized Media Commc'ns, LLC*,
  2016 WL 5109994 (N.D. Cal. Sept. 21, 2016) ................................................................. 8

*In re Uber Techs., Inc., Passenger Sexual Assault Litig.*,
  2024 WL 3416644 (N.D. Cal. July 14, 2024) .................................................................. 8

*Viacom Intern. Inc. v. YouTube, Inc.*,
  2008 WL 3876142 (N.D. Cal. Aug. 18, 2008) .............................................................. 8, 9

**Federal Rules**

Federal Rule of Civil Procedure 26 ........................................................................................ 5, 10

Federal Rule of Civil Procedure 45 .......................................................................................... 5, 6

**INTRODUCTION**

Lynwood's Motion to Compel is improper at multiple levels.

***First***, it misconstrues Netflix's objections to Lynwood's subpoena and distorts the communications between Lynwood and Netflix to drum up a dispute that does not exist. As Netflix communicated to Lynwood, Netflix is willing to produce documents, but first Lynwood must at least ***attempt*** to obtain the requested discovery from Defendants before requiring Netflix, a non-party, to undertake the related burden. Major Decl. Ex. 4, p. 1 (hereinafter the "Letter"); *see also Free Stream Media Corp. v. Alphonso Inc.*, 2017 WL 6209309, at *6 (N.D. Cal. Dec. 8, 2017) (seeking documents from a third party "when Defendants would have the same documents" poses an undue burden) (Westmore, J.); *Genus Lifesciences Inc. v. Lannett Co., Inc.*, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019) (same).

Both in written correspondence and during the parties' meet-and-confers, Netflix asked Lynwood to "attempt[] to collect the requested documents, information, and/or source code from Defendants" and then provide "the delta [] between documents in the possession, custody, or control of Parties to the litigation and documents it is seeking from Netflix" so that Netflix may appropriately assess whether it is required to undertake the burden of producing information pursuant to Lynwood's subpoena. Letter at 1. Not only did Lynwood refuse to answer what, if any, discovery had occurred between the parties, it steadfastly demanded that Netflix produce all documents (including source code maintained only in cold storage) it subpoenaed from Netflix regardless of what Defendants had in their possession, custody, or control. This is not the law. Lynwood's Motion to Compel should be rejected on that basis alone.

***Second***, Lynwood's Motion to Compel fails because the requested discovery far exceeds the bounds of discovery allowed by Judge Chesney's Phase One discovery order. The discovery at this stage is "[l]imited to whether any NGINX Plus Code was written by defendant Sysoev or other former Rambler employees during their employment by Rambler before the end of 2011" (hereinafter "Phase One"). Dkt. No. 211 at 2. But Lynwood's subpoena runs roughshod over the Court's order. Not only does it request documents outside the Court-ordered temporal bounds, but

1  it requests a whole trove of documents and source code that have no legal bearing on who
2  developed the NGINX Plus code, and when. Lynwood cannot use non-party discovery to evade
3  limitations that the Court has put on party discovery.
4       Lynwood's Motion to Compel should be denied.

## STATEMENT OF ISSUES TO BE DECIDED

1. May Lynwood compel Netflix to produce documents and source code without first attempting to obtain those documents from Defendants?

2. Is Lynwood's subpoena impermissibly broad in light of Judge Chesney's order limiting Phase One discovery to "whether any NGINX Plus Code was written by defendant Sysoev or other former Rambler employees during their employment by Rambler before the end of 2011"? Dkt. No. 211 at 2.

## BACKGROUND

### I. THE COURT ORDERS LIMITED DISCOVERY IN PHASE ONE

Lynwood filed this case five years ago in 2020. After several rounds of motions to dismiss and an appeal, only a single, narrow claim survives: Count 14 for direct copyright infringement, based on Lynwood's allegation that the NGINX Plus software was developed by the individual defendants while they were employed at Rambler. *See Lynwood Invs. CY Ltd. v. Konovalov*, 2024 WL 4688895 at *5 (9th Cir. Nov. 6, 2024).

In a March 10, 2025 order, Judge Chesney held that discovery would be conducted in phases, with the initial phase "[l]imited to whether any NGINX Plus Code was written by defendant Sysoev or other former Rambler employees during their employment by Rambler before the end of 2011." Dkt. No. 211 at 2. Phase One would begin on May 19, 2025 and end on March 19, 2026. *See id.* During the March 7, 2025 discovery hearing, Defendants' counsel stated that Defendants were in possession of documents relevant to this matter, including source code already loaded into a repository. *See, e.g.*, Major Decl. Ex. 10 at 4:8-9; 5:3-11. Defendants informed the Court that Lynwood can access this repository during discovery and agreed to produce documents regarding the development of the source code. *See id.* at 4:8-9; 5:3-11; 10:15-17. A review of the

1  docket shows that, to date, there are no pending discovery disputes between the parties. In fact,
2  other than the present motion, Plaintiff has not sought the Court's assistance in obtaining discovery
3  from the parties to this case. Additionally, given that neither an ESI Order nor a Protective Order
4  has even been submitted to the Court by the parties, it seems likely that no document discovery
5  between the parties has transpired at all.

6  **II.    NETFLIX AND LYNWOOD ARE NOT AT A DISCOVERY IMPASSE**

7  Despite Defendants' averment that they had the relevant documents and source code,
8  Lynwood served Netflix with a subpoena on June 10, 2025 with 31 document requests, including
9  requests for source code from 2010, 2011, and 2012 (hereinafter the "Subpoena"). *See* Major
10 Decl. Ex. 1 at 1. Netflix provided timely objections on June 24, 2025. *See* Major Decl. Ex. 2 at
11 1. Netflix and Lynwood held their first meet-and-confer on July 16, 2025, where Lynwood
12 requested that Netflix provide additional information regarding Netflix's June 24 objections. *See*
13 Major Decl. Ex. 4 at 1. Netflix agreed. Netflix also made clear that, while it was not maintaining
14 that Lynwood must "exhaust" party discovery before third-party discovery could commence, it did
15 need to at least determine what documents could be obtained from party discovery before
16 burdening Netflix. *See* Gooch Decl. at ¶ 5. Lynwood insisted it had no obligation to seek
17 documents from a party to the case before seeking them from a third party, even when those
18 documents are not in the exclusive possession of the third party. *See id.*

19 In line with Netflix's commitments, Netflix further detailed its objections in its July 28,
20 2025 letter. Letter at 1. In the Letter, Netflix made clear:

21 > For the avoidance of doubt, Netflix remains willing to meet and confer on both the
22 > Subpoena and its Objections. However, and as described in more detail below,
23 > Netflix will consider producing documents to Plaintiff only once the Court has
24 > ordered a protective order and ESI protocol that will sufficiently protect Netflix's
25 > confidential business information and trade secrets, and in keeping with binding
26 > caselaw described below, once Plaintiff has attempted to collect the requested
27 > documents, information, and/or source code from Defendants and has been unable

28

1 to do so for reasons that do not suggest a lack of diligence on the part of Plaintiff
2 in prosecuting its case. To be clear, Netflix looks forward to understanding from
3 Plaintiff what the delta is between documents in the possession, custody, or control
4 of Parties to the litigation and documents it is seeking from Netflix (subject to limits
5 set by the Court in ECF No. 211). We invite Plaintiff to provide that information in
6 writing so that Netflix may consider it.

*Id.* In addition, Netflix outlined in the Letter the immense burden of collecting and producing the requested source code and explained that the process poses significant security risks to Netflix's proprietary information, trade secrets, and the data of Netflix's users. *See id.* at 2-3.

Netflix also explained in the Letter why Lynwood's Subpoena requests were well beyond the scope of what the Court allowed for Phase One discovery. *See id.* at 4, 5, 7, 8, 10. For example, Request Nos. 7, 23, 28, and 29 request "*all* Documents and Communications" relating to Netflix's Open Connect and Request Nos. 18 and 22 seek "*all* computer software" installed on Open Connect appliances. *Id.* at 2 (emphasis added). Open Connect, Netflix's content delivery network ("CDN"), is "Netflix's global network of servers that delivers Netflix's streaming service to its subscribers." Motion to Compel at 4-5. It is ***not*** NGINX Plus. To the extent NGINX Plus was included, it would have been one subcomponent of many in Open Connect. The Letter also noted that the Subpoena seeks documents well outside of the 2011 timeframe in contravention of the Court's discovery order. *See generally* Letter.

After Netflix sent the Letter, Netflix and Lynwood held a second meet-and-confer on July 29, 2025. *See* Gooch Decl. at ¶ 8. Netflix reiterated its position that it was willing to produce documents if Lynwood could provide information on what it could and could not collect from Defendants, reaffirmed both that Netflix and Lynwood were not at an impasse, and that Netflix remained willing to meet and confer on the Subpoena. *See id.* at ¶¶ 9, 11. Netflix also again confirmed that it agreed that Lynwood did not need to "exhaust" party discovery before Netflix would consider producing documents. *Id.* at ¶ 10. Netflix then explained it is difficult to ascertain the burden being imposed on Netflix without understanding what Lynwood could obtain from

1  Defendants, especially as Defendants already represented to this Court that they were in possession
2  of source code in an accessible repository. *See id.*
3    At no time, whether via letter, during the meet-and-confers, or after, has Lynwood ever
4  explained to Netflix what information it is seeking from Netflix that it cannot reasonably expect
5  to obtain from Defendants. *See id.* at ¶ 13. Indeed, Lynwood did not explain whether it had taken
6  any steps, at all, to start party discovery. *Id.* The first time that Netflix heard from Lynwood after
7  the July 29, 2025 meet-and-confer was when it filed the present motion the Friday afternoon before
8  the holiday weekend. *See id.* at ¶ 12.
9    Netflix remains willing to meet and confer regarding the proper bounds of discovery but
10 needs to understand what the delta is between documents Lynwood can get from the Defendants
11 and documents it is seeking from Netflix. Letter at 1.

## LEGAL STANDARD

13   Federal Rule of Civil Procedure 45 governs discovery from non-parties by subpoena. The
14 scope of discovery under Rule 45 is the same as the scope of discovery permitted under Rule 26(b).
15 *Nachison v. Am. Airlines, Inc.*, 2025 WL 346081, at *2 (N.D. Cal. Jan. 30, 2025). Rule 26 allows
16 the court to limit discovery that is "unreasonably cumulative or duplicative, or can be obtained
17 from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ.
18 P. 26(b)(2)(C)(i).
19   A court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to
20 comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
21 (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies;
22 or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Rule 45 further requires
23 "[a] party or attorney responsible for issuing and serving a subpoena take reasonable steps to avoid
24 imposing undue burden or expense on a person subject to the subpoena," and instructs that "[t]he
25 court for the district where compliance is required must enforce this duty[.]" Fed. R. Civ. P.
26 45(d)(1); *see also* Fed. R. Civ. P. 45(d)(3)(A). A court "must protect a person who is neither a
27 party nor a party's officer from significant expense resulting from compliance" with the subpoena.
28

Fed. R. Civ. P. 45(d)(2)(B)(ii).

"The Ninth Circuit has long held that non-parties subject to discovery requests deserve extra protection from the courts." *Lemberg Law LLC v. Hussin*, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) (quotation omitted); *see United States v. C.B.S., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982) ("Non-party witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party."). To protect against undue burden on non-parties, this District has found that, "[i]n general, there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests." *Genus Lifesciences Inc*, 2019 WL 7313047, at *4 (citing *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012)). When the requesting party has "not shown [that it] attempted to obtain documents from the [opposing party] in an action prior to seeking the documents from a non-party, a subpoena duces tecum places an undue burden on a non-party." *Id.* Further, "when an opposing party and a non-party both possess documents, the documents should be sought from the party to the case." *Id.* (citing *Soto*, 282 F.R.D. at 505). "There is simply no reason to burden non-parties when the documents sought are in possession of the party defendant." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007).

## ARGUMENT

### I. LYNWOOD'S FAILURE TO ATTEMPT TO OBTAIN DISCOVERY FROM DEFENDANTS PLACES AN UNDUE BURDEN ON NETFLIX

Rule 45 requires courts to ensure that parties to a litigation take reasonable steps not to impose an undue burden on non-parties. Fed. R. Civ. P. 45(d)(1); *see also* Fed. R. Civ. P. 45(d)(3)(A). As this Court has held, failure to obtain documents responsive to non-party subpoena requests from parties to the litigation "exacerbates" the already "heavy burden." *Free Stream Media Corp.*, 2017 WL 6209309, at *6. To compel a non-party to produce documents, the moving party must first specify what "gaps" in party discovery the non-party needs to fill so that the non-party can determine if the burden of producing information is one that it should undertake. *See*

1  *LegalZoom.com v. Rocket Law. Inc.*, 2015 WL 12832823, at *2 (N.D. Cal. Mar. 23, 2015) (denying motion to compel where plaintiff "has not specified the parameters of the 'gaps' that [non-party] needs to fill," and "[w]hat documents [defendant] provided.").[1]

Lynwood has still not provided this information. Instead, it mischaracterizes Netflix's aforementioned request in its briefing. Despite Lynwood's assertion that Netflix's request "necessarily requires Lynwood to complete party discovery" (Mot. 21), as explained above (*supra* Background Part I), Lynwood has refused to provide any information as to what discovery it has attempted to collect from Defendants in this matter, what discovery it could reasonably expect to obtain from Defendants, or any indication that party discovery has even begun. *See* Gooch Decl. at ¶ 13.

Further, Lynwood's claim that Defendants objected "to search[ing] for responsive discovery stored on archived media or backup tapes" does not justify skipping party discovery and demanding Netflix's archived media. If Lynwood is, in fact, unable to get the discovery it seeks from Defendants, the solution is for Lynwood to seek relief from this Court against Defendants, not Netflix. *See Elec. Scripting Prods., Inc. v. HTC Am. Inc.*, 2021 WL 3773607, at *4 (N.D. Cal. Aug. 25, 2021) ("To the extent that [plaintiff] might complain that it asked for this information from [defendant] but was denied, the correct remedy was a motion to compel, not a campaign to impermissibly saddle a non-party with the unjustified expense and burden of providing discovery that could have been – but was not – secured from a party to the litigation."). However, as a review of the docket reveals, no such motion has been filed. *See Nachison*, 2025 WL 346081, at *4 ("[Plaintiff's] failure to diligently seek or obtain discovery from defendant AA does not justify her efforts to obtain that same discovery instead from non-party Citibank.").

---

[1] Rather than engaging with this requirement, Lynwood argues, unavailingly, that it is not applicable because Netflix is a "large company" and not an "individual." Mot. 23-24. Courts in this District have repeatedly found that companies as well as individuals suffer an undue burden from the requesting party's failure to obtain discovery from parties to the litigation. *See e.g.*, *Free Stream Media Corp.*, 2017 WL 6209309, at *6 (finding an undue burden on non-party Shazam for plaintiff's failure to seek documents from defendant); *Nachison*, 2025 WL 346081, at *2 (quashing plaintiff's subpoena testimony topics for non-party Citibank that seek information in defendant's possession).

1   To be clear, the burden of collecting the requested source code for Netflix would be
2 tremendous. And, both in the Letter and during the July 29 meet-and-confer, Netflix provided
3 "specific facts which indicate the nature and extent of the burden" it would suffer in complying
4 with the Subpoena at this time. *Sullivan v. Personalized Media Commc'ns, LLC*, 2016 WL
5 5109994, at *3 (N.D. Cal. Sept. 21, 2016). ███████████████

6 ████████████████████████████████████████████████████████████
7 ████████████████████████████████████████████████████████████
8 ████████████████████████████████████████████████████████████
9 ████████████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████████████
19 ██████████████████████████

20   Finally, Lynwood's reliance on *In re Uber Technologies, Inc.*, *Viacom Intern. Inc.*, and
21 *Slovin v. Callfire Inc.* is misplaced. In fact, each of these cases supports Netflix's positions:

22   <u>*In re Uber Techs., Inc., Passenger Sexual Assault Litig.*</u> **endorsed** starting with party
23 discovery when such discovery "could be expect[ed] to reveal" the extent of the non-party's
24 involvement in the facts at issue. 2024 WL 3416644, at *3 (N.D. Cal. July 14, 2024) (citing
25 *Athalonz, LLC v. Under Armour, Inc.*, 2024 WL 628846, at *7 (N.D. Cal. Feb. 14, 2024)).

26   <u>*Viacom Intern. Inc. v. YouTube, Inc.*</u> only stands for the narrow proposition that it is
27 appropriate to compel production from a non-party for a "non-well-defined set" of documents "that

28

1   defendants no longer possess or never possessed." 2008 WL 3876142, at *2 (N.D. Cal. Aug. 18,
2   2008). Here, and unlike in *Viacom*, Defendants have stated that the relevant documents are
3   available for inspection and the relevant source code has already been collected and stored in a
4   repository. Major Decl. Ex. 10 at 4:8-9; 5:3-11.

5   *Slovin v. CallFire Inc.* emphasized that non-party "CallFire is also the ultimate source of
6   the requested" files. *Slovin v. CallFire, Inc.*, 2017 WL 11549626, at *1 (C.D. Cal. Aug. 18, 2017).
7   The same is simply not true here. Setting aside that it appears no party discovery has yet to occur,
8   here, as Lynwood admits, the "ultimate source" of the requested files are Defendants who
9   Lynwood alleges created the NGINX Plus product at issue (with their alleged trade secrets or
10  otherwise), not Netflix, and who would have provided any relevant code to Netflix. Mot. 3-4.

11  **II.    LYNWOOD'S CLAIMED PREJUDICE IS MANUFACTURED**

12  Lynwood's claims of "severe[]" prejudice are supported by no more than baseless
13  assumptions. Mot. 22. Lynwood has no factual basis for these claims, given that it has not
14  reviewed the NGINX Plus code currently stored in Defendants' repository. And while Lynwood
15  tries to overcome its diligence failures by submitting a declaration on behalf of a purported source
16  code expert, Lynwood's expert does not actually opine on what is or is not in Defendants' source
17  code, or Netflix's. *See generally* Ellison Decl. In fact, tellingly, Lynwood's purported expert does
18  not even claim to have reviewed Defendants' source code. *See generally id.*

19  Mr. Ellison argues that Lynwood will be severely prejudiced because any commit dates in
20  Defendants' unreviewed source code repository are "unreliable." Mot. 16-17. This is a surprising
21  about-face by Lynwood. Lynwood argued in its brief before the Ninth Circuit that "the complaint
22  includes a roadmap for identifying" when the NGINX Plus code was written: "[s]imply look at the
23  date of the code commits, or finalized portions of code, and isolate those that occurred before
24  Sysoev left Rambler." *Lynwood Invs. CY Ltd. v. Konovalov,* Appellant's Brief at 59 (citing
25  Complaint ¶¶ 153-154; 190-191; 193-194; 379; 382). The Ninth Circuit credited Plaintiff's
26  representation, that these same "commit dates can be used to determine the portions of the NGINX
27  Plus code finalized before Sysoev left Rambler." *Lynwood Invs. CY Ltd. v. Konovalov*, 2024 WL
28

1  4688895, at *6 (9th Cir. Nov. 6, 2024). Lynwood should not now be permitted to reverse its
2  position, even with a declaration by a purported expert. Courts frequently treat "a party's
3  statements of fact in briefs as judicial admissions conclusively binding on the party." *David*
4  *Rovinsky LLC v. Peter Marco, LLC*, 2020 WL 5645792, at *1 (C.D. Cal. Sept. 21, 2020) (citing
5  *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226-27 (9th Cir. 1988)).

6  However, even if Lynwood is permitted to walk back its representation to the Ninth Circuit
7  regarding commit dates, it is not at all clear why Netflix would have code that provides **more** detail
8  than Defendants' source code repository. Lynwood alleges that Netflix's code is relevant because
9  "Netflix *may* be the only source of the original NGINX Plus code." Mot. 16 (emphasis added). It
10 alleges this because Defendants allegedly "destroyed, deleted, or removed every Rambler server
11 they used to develop NGINX Plus." *Id.* However, Lynwood also alleges that it was **Defendants**
12 who provided the code to Netflix, not Rambler. *See id.* at 15. Therefore, it stands to reason that
13 the only code Netflix would have would be a copy of what the Defendants have, not what was on
14 the allegedly-destroyed Rambler servers. So, even if Defendants "manipulated" the code as
15 Lynwood alleges, Netflix would not be a source of the original, unmanipulated code that originally
16 was housed on Rambler's servers. All Netflix would have would be code that includes the same
17 alleged manipulations that Defendants' code does. That said, to date, Lynwood has not pointed
18 Netflix to anything that would indicate (1) that Defendants manipulated commit dates or (2) that
19 Netflix's code would resolve any dispute regarding alleged manipulation of commit dates. Instead,
20 Lynwood demands that Netflix undertake the extensive burden laid out above for its unfounded
21 third-party fishing expedition.

22 **III.    LYNWOOD'S SUBPOENA EXCEEDS THE SCOPE OF PHASE ONE DISCOVERY**

23 Discovery requests that seek information beyond the scope of a court-ordered discovery
24 phase are irrelevant. *See* Fed. R. Civ. P. 26(b)(1); *see also Browne v. Clark*, 2025 WL 819024, at
25 *6-7 (C.D. Cal. Feb. 18, 2025) (quashing subpoena that "seeks information not relevant to the
26 current phase of proceedings"). This is precisely the situation here, and, for that reason alone,
27 Lynwood's motion should be denied.

28

1  **A.  The Subject Matter Of The Subpoena Extends Beyond What Is Allowed Under Phase One**

"The aim of [an order phasing discovery] is to facilitate streamlined discovery . . . not expand it." *In re Coca-Cola Prods. Mktg. & Sales Pracs. Litig. (No. II)*, 2015 WL 5043846, at *3 (N.D. Cal. Aug. 26, 2015). After the March 7, 2025 Case Management Conference, Judge Chesney ordered that the *only* topic for discovery in Phase One was whether the individual who wrote the NGINX Code was employed by Rambler when the code was written, and limited discovery to the end of 2011. *See* Dkt. No. 211 at 2. Lynwood's requests in the Subpoena far exceed what Judge Chesney allowed, for at least two reasons:

*First*, Lynwood's Subpoena impermissibly requests information contrary to the temporal limits ordered by Judge Chesney. Judge Chesney only allowed for discovery into whether the individual who wrote the NGINX Code was a Rambler employee "***before the end of 2011***." Dkt. No. 211 at 2. But the time period for the Subpoena extends until "December 31, 2012," a full year beyond the period ordered by Judge Chesney. Major Decl. Ex. 1 at 6. As such, as a baseline, every single response exceeds the narrow timeframe for discovery ordered by the Court. Dkt. No. 211 at 2. And certain requests are even more egregious. For example, Request Nos. 11-15 (*id.* at 9-10) seek documents about the "Smirnoff Presentation," which Lynwood admits was given in 2014 (*id.* at 5). And Request Nos. 30 and 31 seek communications between Netflix and "defendants or their representatives" "at any time" concerning this case. *Id.* at 11.

Lynwood attempts to excuse its violation of Judge Cesney's order by re-litigating what Judge Chesney's order should or should not say. Namely, while Lynwood "recognizes" that Judge Chesney's order states that the end of 2011 is "the date that the Disloyal Employees left Rambler," Lynwood states that Judge Chesney's order is "incorrect" (Mot. 8) and, despite being the only date referenced in Judge Chesney's order, "not the intended temporal scope for Phase 1." *Id.* at 14. If Lynwood objects to the guardrails that Judge Chesney put in place, Lynwood must move the Court. Lynwood cannot use a motion to compel a third party as an end-run around a discovery order it does not like.

1    ***Second***, as Netflix explained both in the Letter and during the July 29, 2025 meet-and-
2    confer (Gooch Decl. at ¶ 9), the substance of the Subpoena requests well exceeds the scope of
3    Phase One discovery.  As just one example, and as Netflix explained in the Letter, Netflix's
4    independently developed Open Connect application is not NGINX Plus, and therefore information
5    about Open Connect is, by definition, irrelevant to determining who wrote the NGINX Plus code.
6    Letter at 2.

7    Similarly, the Letter explains that Lynwood's requests for information "concerning"
8    "software" in general are so broad that they are untethered to Lynwood's allegations in the
9    Complaint.  Letter at 5.  As written, these requests seek information regarding the development
10   and implementation of all software products used by Netflix that Defendants, some of whom are
11   alleged to be Netflix employees, contributed to.  This covers a host of Netflix proprietary products
12   with no relation to NGINX Plus.  In response, Lynwood merely states that "[t]he requested
13   documents will help Lynwood prove that the products and services provided to Netflix comprise
14   NGINX Plus code developed while the Disloyal Employees were employed by Rambler."  Mot.
15   15.  This is no more than speculation, and speculation that discovery materials are relevant is not
16   sufficient to sustain a motion to compel, especially against a non-party.  *Brown v. Nguyen*, 2024
17   WL 4765854, at *9 (N.D. Cal. Sept. 26, 2024); *see also Free Stream Media Corp.*, 2017 WL
18   6209309, at *5 (quashing a third-party subpoena in part because "Plaintiff fails to explain the
19   relevance of the information sought or why they need the information").

20   As Lynwood's requests are not within the sole topic allowed for Phase One discovery, they
21   are facially improper and Lynwood's Motion to Compel should be denied on this additional basis
22   alone. *See, e.g., In re Coca-Cola Prods. Mktg. & Sales Pracs. Litig. (No. II)*, 2015 WL 5043846,
23   at *5 (N.D. Cal. Aug. 26, 2015) (denying motion to compel responses to requests that "appear to
24   be beyond the scope of Phase I discovery"); *Calpine Corp. v. Ace Am. Ins. Co.*, 2007 WL 3010570,
25   at *9 (N.D. Cal. Oct. 12, 2007) (denying motion to compel discovery that exceeded the scope of
26   Phase I discovery); *Jimenez v. Hyatt Corp.*, 2025 WL 1881953, at *2 (E.D. Cal. July 8, 2025)
27   (denying discovery requests for being broader than what is allowed under Phase I of discovery).
28

1  **IV.  NETFLIX IS AMENABLE TO A REASONABLE COMPROMISE**

As described above, the burdens placed on Netflix by the Subpoena are immense, and the Subpoena is impermissibly overbroad. Even so, in the interest of compromise, Netflix is willing to produce relevant, nonprivileged emails exchanged between the individual Defendants and Netflix between January 1, 2008 and December 31, 2011, the time period covered by the Order. Netflix remains willing to meet and confer on the Subpoena once Lynwood attempts to collect and review relevant information from Defendants and provides Netflix with information regarding the delta between what it reasonably expects to collect from Defendants and what it reasonably believes Netflix is in possession of.

**CONCLUSION**

For the foregoing reasons, Lynwood's Motion to Compel should be denied.

Dated: September 19, 2025

Respectfully submitted,

*/s/ Taylor Gooch*

Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Joseph Taylor Gooch (SBN 294282)
taylor.gooch@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

*Attorneys for Non-Party*
*Netflix, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of September, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System.

/s/ Taylor Gooch
Joseph Taylor Gooch