Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Joseph Taylor Gooch (SBN 294282)
taylor.gooch@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

*Attorneys for Non-Party*
*Netflix, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LYNWOOD INVESTMENTS CY LIMITED,<br>　　　　　　　　Plaintiff,<br>　v.<br>MAXIM KONOVALOV, IGOR SYSOEV, ANDREY ALEXEEV, MAXIM DOUNIN, GLEB SMIRNOFF, ANGUS ROBERTSON, NGINX, INC. (BVI), NGINX SOFTWARE, INC., NGINX, INC. (DE), BV NGINX, LLC, RUNA CAPITAL, Inc., EVENTURE CAPITAL PARTNERS II, LLC and F5 NETWORKS, INC.,<br>　　　　　　　　Defendants. | Case No. 3:20-cv-03778-MMC (KAW)<br><br>**DECLARATION OF TAYLOR GOOCH IN SUPPORT OF NON-PARTY NETFLIX, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**<br><br>Judge: Hon. Kandis A. Westmore<br>Date:  October 16, 2025<br>Time: 1:30 P.M. |

I, Joseph Taylor Gooch, do hereby declare as follows:

1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for non-party Netflix, Inc. ("Netflix") in the above-captioned case. I am licensed to practice law in the State of California. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. I make this Declaration in support of non-party Netflix, Inc.'s Opposition to Plaintiff's Motion to Compel.

3. Plaintiff ("Lynwood") served its subpoena to Netflix on June 10, 2025 (the "Subpoena"). The Subpoena has thirty-one document requests seeking Netflix's source code from 2010, 2011, and 2012, and documents that are in the possession of Defendants. Netflix timely objected to the Subpoena on June 24, 2025.

4. On July 16, 2025, Netflix and Lynwood had their first meet and confer via video conference.

5. During the meet and confer, Netflix stated that the Subpoena requests were outside the scope of Phase 1 discovery set forth by the Court and noted that Lynwood should attempt to get discovery from Defendants before it discovers information from Netflix. Netflix explained that the code Lynwood was seeking from Netflix was likely in Defendants' possession. In response, Lynwood stated there is no exhaustion requirement and Netflix agreed there is none. Lynwood further said that it had no obligation to take party discovery before seeking third party discovery.

6. Netflix then asked Lynwood to provide what it was seeking in Netflix's code, but Lynwood did not provide a substantive response. Lynwood then asked for additional information on Netflix's July 24 objections.

7. Netflix provided the requested information in its July 28, 2025 letter to Lynwood (the "Letter"). Major Decl. Ex. 4.

8. On July 29, 2025, Netflix and Lynwood had a second meet and confer via video

1 conference.

2   9.   During the meet and confer, Netflix reiterated that it was willing to meet and confer on the Subpoena and its Objections and stated that it was not refusing to produce documents or source code to Lynwood. Netflix explained that it is willing to produce documents so long as it is not subject to an undue burden, and to determine that burden, Netflix needs to understand what documents, source code, and information Lynwood has been able, or reasonably expects to be able, to collect directly from Defendants. Netflix also stated that any requested documents must comply with the Court's discovery orders in the case and that the current requests were outside the scope of the Court's Phase One discovery order.

10.   Netflix also described the immense burden to bring the 2011 source code online as described in the Letter. Lynwood then asked that in light of this burden, whether Netflix is declining to produce source code at all. Netflix made clear that was not the case and that it remained willing to meet and confer, but its burden calculation is dependent on understanding what source code Lynwood could collect from Defendants because Defendants represented that they had the relevant source code. Netflix also noted that Lynwood did not need to exhaust discovery from parties before Netflix would produce documents.

11.   At the meet and confer's conclusion, Lynwood declared an impasse as to whether or not Netflix would produce documents. Netflix responded that it was not declining to produce documents and therefore, there was no impasse. Netflix noted that this would be its position if Lynwood filed a motion to compel.

12.   Netflix did not hear from Lynwood again until the present motion to compel was filed on August 29, 2025.

13.   To date, Lynwood has not in written correspondence or during the meet and confers informed Netflix what discovery, if any, it has collected from Defendants or what information that it is seeking from Netflix that it cannot obtain from Defendants. Lynwood has also not provided information regarding what steps it has taken towards party discovery.

14. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 19th day of September, 2025 in San Francisco, California.

By: */s/ Taylor Gooch*
Joseph Taylor Gooch