Alexander D. Pencu (pro hac vice)
adp@msf-law.com
Christopher J. Major (pro hac vice)
cjm@msf-law.com
Jeffrey P. Weingart (pro hac vice)
jpw@msf-law.com
**MEISTER SEELIG & FEIN PLLC**
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Fax: (646) 539-3649

Patricia L. Peden (State Bar No. 206440)
20-3778@cases.warrenlex.com
**WARREN KASH WARREN LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNWOOD INVESTMENTS CY LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>MAXIM KONOVALOV, IGOR SYSOEV, ANDREY ALEXEEV, MAXIM DOUNIN, GLEB SMIRNOFF, ANGUS ROBERTSON, NGINX, INC. (BVI), NGINX SOFTWARE, INC., NGINX, INC. (DE), BV NGINX, LLC, RUNA CAPITAL, INC., EVENTURE CAPITAL PARTNERS II LLC and F5 NETWORKS, INC.,<br><br>    Defendants. | Case No. 3:20-cv-03778-MMC<br><br>**Declaration of Patricia L. Peden In Support of Proposed Changes to the Court's Model Protective Order** |

I, Patricia L. Peden, declare under penalty of perjury as follows:

1. I am a partner at Warren Kash Warren LLP, attorneys of record for Plaintiff Lynwood Investments CY Limited. I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify to these matters. I have been actively involved in the day-to-day negotiations and the meet and confer process regarding the protective order between the parties.

2. This declaration is offered to comply with paragraph 12 of the Court's Standing Order. A redline comparing the proposed protective order with the Court's model protective order for litigation involving patents, highly sensitive confidential information and/or trade secrets is attached hereto as Exhibit A. Sections highlighted in yellow denote areas of disagreement between the parties. Other redline edits, not highlighted in yellow, show agreed-upon changes.

3. The proposed model order revisions achieve three main goals: first, they integrate optional language from the model order; second, they introduce specific adjustments to address the unique aspects of this case; and third, they incorporate several changes that have been mutually agreed upon by the parties.

4. The Court's Model Order includes optional language for a Designated House Counsel. In **sections 2.4, 7.3(a), 7.4, 7.4(a)(1), 7.4(b), 7.4(c)**, Lynwood's redlines reflect its adoption of the optional Designated House Counsel provisions. Defendants object to including these optional provisions.

5. At Defendants' request, Lynwood added "in the United States" to **section 7.1** (second paragraph), which governs the Storage of Protected Materials. This limitation ensures that Protected Materials are stored within the United States, providing Defendants with additional protection against disclosure. The parties agree to this modification.

6. In **section 7.3(b)**, Lynwood added the following paragraph to the model order: Designated House Counsel may view "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" materials and "HIGHLY CONFIDENTIAL – SOURCE CODE" derivative information, including exhibits to motions or expert reports. This viewing must occur on a screen provided by Outside Counsel of Record and while Outside Counsel of Record is present, either in person or remotely on a shared video call. Designated House Counsel is precluded from recording, copying, downloading or screen sharing such information provided by Outside Counsel of Record. Designated House Counsel are not permitted to receive, hold, or maintain physical or digital copies of any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" designated documents.

This paragraph represents a Plaintiff offered compromise to address the Defendants' concerns regarding Designated House Counsel's access to Highly Confidential - Source Code Materials. While the model protective order (Sections 7.3 and 7.3(b)) allows for Designated House Counsel to access all categories of Highly Confidential Information, Lynwood sought compromise by voluntarily agreeing to more restricted access. The added restrictions include limiting access to one Designated House Counsel and narrowing the scope of access from all Source Code Materials to only derivative source code materials, as suggested in the model order's footnotes 4, 5, 10, and 16. Furthermore, the Plaintiff provided the Defendants with the name of its proposed Designated House Counsel in advance, as referenced in footnote 7 of the model order. Defendants object to the inclusion of all Designated House Counsel provisions, including this paragraph.

7. To clarify the materials accessible to Designated House Counsel, Lynwood has added the following to **section 8(b)**: "with the exception of allowing Designated House Counsel access to derivative materials including 'HIGHLY CONFIDENTIAL - SOURCE CODE' information, such as exhibits to motions or expert reports." This amendment addresses a potential restriction in Section 3 of the Model Order (Scope) that could be interpreted to prevent Lynwood from sharing information derived from source code inspections or materials with Designated House Counsel. The revision in Section 8(b) is consistent with footnote 14 of the model order, which suggests that "[i]t may be appropriate under certain circumstances to allow House Counsel

access to derivative materials including 'HIGHLY CONFIDENTIAL - SOURCE CODE' information, such as exhibits to motions or expert reports.

8. In **section 8(c)**, Plaintiff offers a paragraph to augment the model order, addressing the information and tools Lynwood's expert needs for a software code inspection. This paragraph reads:

> The Receiving Party may request, and the Producing Party or Producing Parties shall not unreasonably deny, the preinstallation and use on the inspection computer of the following: (1) a specific operating system, (2) specifically identified software tools that will assist in the review and analysis of the source code, and (3) any software code specified by the Receiving Party to be compared against the produced source code.

Such inclusions in protective orders are common and generally uncontroversial.

Defendants do not object to this paragraph.

9. A second added paragraph in **section 8(c)** augments the model order, which is designed for a one-party code inspection. In this case, Lynwood must conduct simultaneous inspections of software code received from Defendants and non-parties. It must compare code provided to early NGINX customers, including Netflix, with code in Defendants' repositories. Lynwood's redlines clarify that simultaneous inspections are permitted and ensure that no Producing Party loses protective order safeguards during such inspections. Plaintiff's proposed paragraph is as follows:

> The Receiving Party may request, and the Producing Party or Producing Parties shall not unreasonably deny, the ability to conduct a simultaneous code inspection wherein multiple Producing Parties' source code is resident on the same inspection computer and inspected and/or compared at the same time by the Receiving Party. If more than one Producing Party's source code is loaded onto the inspection computer at the request of the Receiving Party, each Producing Party will be permitted their own representative during the Receiving Party's source code review.

Defendants object to this paragraph.

10. A sentence was added to **section 14** at Defendants' request. This sentence aims to provide greater protection to Defendants than afforded by the model order and was offered by Lynwood as a compromise to allow Designated House Counsel access to HC-AEO materials. The intention was to limit Designated House Counsel's access to redacted source code materials in archived

copies to the duration of the litigation and appeals, preventing indefinite access after the litigation concludes. As part of its proposed compromise to resolve this dispute, Lynwood agreed to include this sentence. Defendants do not object to this sentence.

Date: October 27, 2025

Respectfully submitted,

/s/ Patricia L. Peden
_____
Alexander D. Pencu (pro hac vice)
adp@msf-law.com
Christopher J. Major (pro hac vice)
cjm@msf-law.com
Jeffrey P. Weingart (pro hac vice)
jpw@msf-law.com
**MEISTER SEELIG & FEIN PLLC**
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Fax: (646) 539-3649

Patricia L. Peden (State Bar No. 206440)
20-3778@cases.warrenlex.com
**WARREN KASH WARREN LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Plaintiff*