UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNWOOD INVESTMENTS CY LIMITED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MAXIM KONOVALOV, et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-03778-MMC   (KAW)<br><br>**ORDER REGARDING 10/27/2025 DISCOVERY LETTER**<br><br>Re: Dkt. No. 254<br><br>[Discovery Letter No. 1] |

The sole claim in this case is Plaintiff's copyright claim based upon the NGINX Plus software code, which was allegedly developed by individual Defendants while employed at Rambler Internet Holding LLC in Russia. (*See* Sec. Amend. Compl. ("SAC") ¶ 1.) Pending before the Court is the parties' discovery letter on two disputes concerning the protective order: (1) whether Designated Hose Counsel should be permitted to view Highly Confidential-Attorney's Eyes Only ("HC-AEO") materials, and (2) Plaintiff's proposed simultaneous code inspection provisions. (Discovery Letter at 4, Dkt. No. 254.)

**A.   House Counsel**

Plaintiff seeks to allow its designated house counsel, Elena Kanevskaia, view HC-AEO materials. (Discovery Letter at 4.) Plaintiff asserts that Ms. Kanevskaia's input is required to assist outside counsel with contextualizing communications, identifying individuals, pursuing follow-up questions, and developing litigation strategy. (*Id.*) While Plaintiff agrees that Ms. Kanevskaia will not access source code, Plaintiff believes Ms. Kanevskaia should be able to obtain verbal summaries and derivative source code information. (*Id.*) Defendants, in turn, raise concerns that the NGINX software is used by millions of individuals and businesses, including Microsoft, IBM, Google, Apple, Amazon, and the U.S. government. (*Id.* at 6.) Defendants raise

security concerns, as Plaintiff is a holding company "apparently controlled by a Russian oligarch and billionaire" while Ms. Kanevskaia is a Russian national who is not subject to the Court's jurisdiction should she violate the protective order. (*Id.* at 7.)

The Court finds that Ms. Kanevskaia may review HC-AEO materials except for source code and derivative source code information. With respect to the latter, Plaintiff has not explained why Ms. Kanevskaia would need the source code or derivative source code information. Rather, Plaintiff explains that Ms. Kanevskaia's input is focused on contextualizing communications, identifying individuals, pursuing follow-up questions, and developing litigation strategy; Plaintiff does not explain how any of this requires that Ms. Kanevskaia review source code or derivative source code information. *Compare with Teva Pharms. USA, Inc. v. Corcept Therapeutics, Inc.*, Case No. 24-cv-3567-NW (VKD), 2025 U.S. Dist. LEXIS 47510, at *7 (N.D. Cal. Mar. 14, 2025) (finding that in-house counsel could not review highly confidential materials where the plaintiff only offered "generic assertions that five of its in-house counsel have a need for access to all of defendants' highly confidential material [and] provides minimal descriptions of their activities on [the plaintiff's] behalf"). As to the other HC-AEO materials, Defendants fail to explain why Ms. Kanevskaia should not have access to such materials, as their argument only focuses on the security risks related to the source code.

### B. Simultaneous Code Inspections

Plaintiff proposes modifications to section 8(c) of the model order regarding source code discovery that would allow Plaintiff to load multiple sets of source code onto the same inspection computer to allow for simultaneous code inspections. (Discovery Letter at 5.) To this end, Plaintiff has proposed two additional paragraphs. Defendants do not object to the first paragraph, which allows a receiving party to install onto and use on an inspection computer the additional source code to be compared against the produced source code. (*See id.* at 6; Peden Decl. ¶ 8, Dkt. No. 254-2.)

Defendants object to the second paragraph, which allows a receiving party to conduct the simultaneous code inspection on the same computer, with producing parties permitted a representative during the source code review. (Discovery Letter at 6; Peden Decl. ¶ 9.) It is not

clear to the Court what purpose this second paragraph serves; the first paragraph already appears to allow for simultaneous code inspection by allowing the installation and use of additional source code to be compared against the produced source code. Rather, the only explanation for this second paragraph appears to be Plaintiff's assertion that it is "designed for a one-party code inspection." (Peden Decl. ¶ 9.)  Plaintiff fails to explain what one-party code inspection is or why it would be needed or warranted in this case. Absent an adequate explanation for including the second paragraph, the Court declines to include it. If further procedures are ultimately required, the parties should meet and confer and only file a discovery letter if they truly cannot resolve the issue without judicial intervention.

This order disposes of Dkt. No. 254.

IT IS SO ORDERED.

Dated: December 1, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge