# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LYNWOOD INVESTMENTS CY LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>MAXIM KONOVALOV, IGOR SYSOEV, ANDREY ALEXEEV, MAXIM DOUNIN, GLEB SMIRNOFF, ANGUS ROBERTSON, NGINX, INC. (BVI), NGINX SOFTWARE, INC., NGINX, INC. (DE), BV NGINX, LLC, RUNA CAPITAL, INC., EVENTURE CAPITAL PARTNERS II LLC, AND F5 NETWORKS, INC.,<br><br>Defendants. | Case No. 3:20-CV-03778-MMC<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

1.     <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     <u>DEFINITIONS</u>

2.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designated House Counsel:  House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware

designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following

- 3 -

information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated

- 4 -

1  for protection do not qualify for protection at all or do not qualify for the level of protection

2  initially asserted, that Designating Party must promptly notify all other parties that it is

3  withdrawing the mistaken designation.

4      5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

5  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

6  Disclosure or Discovery

7      Material that qualifies for protection under this Order must be clearly so designated before

8  the material is disclosed or produced.

9      Designation in conformity with this Order requires:

10     (a)    <u>for information in documentary form</u> (e.g., paper or electronic documents, but

11  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

12  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

13  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains

14  protected material. If only a portion or portions of the material on a page qualifies for protection,

15  the Producing Party also must clearly identify the protected portion(s) (e.g., by making

16  appropriate markings in the margins) and must specify, for each portion, the level of protection

17  being asserted.

18     A Party or Non-Party that makes original documents or materials available for inspection

19  need not designate them for protection until after the inspecting Party has indicated which

20  material it would like copied and produced. During the inspection and before the designation, all

21  of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

22  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

23  copied and produced, the Producing Party must determine which documents, or portions thereof,

24  qualify for protection under this Order. Then, before producing the specified documents, the

25  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

27  CODE) to each page that contains Protected Material. If only a portion or portions of the material

28  on a page qualifies for protection, the Producing Party also must clearly identify the protected

1    portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

2    portion, the level of protection being asserted.

3        (b)    for testimony given in deposition or in other pretrial or trial proceedings, that the

4    Designating Party identify on the record, before the close of the deposition, hearing, or other

5    proceeding, all protected testimony and specify the level of protection being asserted. When it is

6    impractical to identify separately each portion of testimony that is entitled to protection and it

7    appears that substantial portions of the testimony may qualify for protection, the Designating

8    Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

9    a right to have up to 21 days to identify the specific portions of the testimony as to which

10   protection is sought and to specify the level of protection being asserted. Only those portions of

11   the testimony that are appropriately designated for protection within the 21 days shall be covered

12   by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may

13   specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

14   entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

15   ATTORNEYS' EYES ONLY."

16       Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

17   other proceeding to include Protected Material so that the other parties can ensure that only

18   authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

19   (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

20   shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

21   CONFIDENTIAL – ATTORNEYS' EYES ONLY."

22       Transcripts containing Protected Material shall have an obvious legend on the title page

23   that the transcript contains Protected Material, and the title page shall be followed by a list of all

24   pages (including line numbers as appropriate) that have been designated as Protected Material and

25   the level of protection being asserted by the Designating Party. The Designating Party shall

26   inform the court reporter of these requirements. Any transcript that is prepared before the

27   expiration of a 21-day period for designation shall be treated during that period as if it had been

28   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

- 6 -

otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In

conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored in the United States and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably

- 9 -

1   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

2   unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

3   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

4   bound by the court reporter and may not be disclosed to anyone except as permitted under this

5   Stipulated Protective Order.

6       (g)     the author or recipient of a document containing the information or a custodian or

7   other person who otherwise possessed or knew the information.

8       7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

9   Information or Items. Unless otherwise ordered by the court or permitted in writing by the

10  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

11  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

12      (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

13  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

14  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

15  Bound" that is attached hereto as Exhibit A;

16      (b)     Designated House Counsel of the Receiving Party (1) who has no involvement in

17  competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation,

18  (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to

19  whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

20      Designated House Counsel may view "HIGHLY CONFIDENTIAL – ATTORNEYS'

21  EYES ONLY" materials, including exhibits to motions or expert reports. This viewing must

22  occur on a screen provided by Outside Counsel of Record and while Outside Counsel of Record

23  is present, either in person or remotely on a shared video call. Designated House Counsel is

24  precluded from recording, copying, downloading or screen sharing such information provided by

25  Outside Counsel of Record. Designated House Counsel are not permitted to receive, hold, or

26  maintain physical or digital copies of any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

27  ONLY" designated documents.

28      (c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for

- 10 -

this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d)    the court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.</u>

(a)(1)   Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2)   Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3)

- 11 -

attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)      A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)      A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

---

[1]    If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.    SOURCE CODE

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c)    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

The Receiving Party may request, and the Producing Party or Producing Parties shall not unreasonably deny, the preinstallation and use on the inspection computer of the following:  (1) a specific operating system, (2) specifically identified software tools that will assist in the review and analysis of the source code, and (3) any software code specified by the Receiving Party to be compared against the produced source code. This paragraph allows for simultaneous code

inspection by allowing installation and use of additional source code to be compared against the produced source code.

(d)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

- 14 -

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[2]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a

---

[2]    The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

Non-Party's confidential information in its possession, and the Party is subject to an agreement

with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1.    promptly notify in writing the Requesting Party and the Non-Party that some or all

of the information requested is subject to a confidentiality agreement with a Non-Party;

    2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in

this litigation, the relevant discovery request(s), and a reasonably specific description of the

information requested; and

    3.    make the information requested available for inspection by the Non-Party.

    (c)    If the Non-Party fails to object or seek a protective order from this court within 14

days of receiving the notice and accompanying information, the Receiving Party may produce the

Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

seeks a protective order, the Receiving Party shall not produce any information in its possession

or control that is subject to the confidentiality agreement with the Non-Party before a

determination by the court.[3] Absent a court order to the contrary, the Non-Party shall bear the

burden and expense of seeking protection in this court of its Protected Material.

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

made of all the terms of this Order, and (d) request such person or persons to execute the

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL

    When a Producing Party gives notice to Receiving Parties that certain inadvertently

---

[3]    The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

produced material is subject to a claim of privilege or other protection, the obligations of the

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

provision is not intended to modify whatever procedure may be established in an e-discovery

order that provides for production without prior privilege review. Pursuant to Federal Rule of

Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

communication or information covered by the attorney-client privilege or work product

protection, the parties may incorporate their agreement in the stipulated protective order

submitted to the court.

13.     MISCELLANEOUS

        13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

seek its modification by the court in the future.

        13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

Party waives any right to object on any ground to use in evidence of any of the material covered

by this Protective Order.

        13.3    Export Control. Disclosure of Protected Material shall be subject to all applicable

laws and regulations relating to the export of technical data contained in such Protected Material,

including the release of such technical data to foreign persons or nationals in the United States or

elsewhere. The Producing Party shall be responsible for identifying any such controlled technical

data, and the Receiving Party shall take measures necessary to ensure compliance.

        13.4    Filing Protected Material. Without written permission from the Designating Party

or a court order secured after appropriate notice to all interested persons, a Party may not file in

the public record in this action any Protected Material. A Party that seeks to file under seal any

Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

- 17 -

otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

14.    <u>FINAL DISPOSITION</u>

        Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. If counsel retains archival copies that contain source code, the source code must be redacted. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

1    Dated: December 17, 2025                 By:  */s/ Alexander D. Pencu*

2                                            MEISTER SEELIG & FEIN LLP
                                             125 Park Avenue, 7th Floor
3                                            New York, New York 10017
                                             Telephone: (212) 655-3500
4                                            Fax: (646) 359-3649
                                             (Admitted Pro Hac Vice)
5
                                             WARREN KASH WARREN LLP
6                                            2261 Market Street, No. 606
                                             San Francisco, California, 94114
7                                            Telephone: (415) 895-2940

8                                            *Attorneys for Plaintiff*
                                             HF Investments CY Limited f/k/a Lynwood
9                                            Investments CY Limited

10   Dated: December 17, 2025                 By:  */s/ Benjamin J. Fox*

11                                           MORRISON & FOERSTER LLP
                                             425 Market Street
12                                           San Francisco, California 94105
                                             Telephone: (415) 268-7670
13                                           Facsimile: (415) 268-7522)

14                                           707 Wilshire Boulevard
                                             Los Angeles, California 90017
15                                           Telephone: (213) 892-5200
                                             Facsimile: (213) 892-5454
16                                           *Attorneys for Defendants*
                                             F5 Networks, Inc., NGINX, Inc. (BVI),
17                                           and NGINX Software, Inc.

18   Dated: December 17, 2025                 By:  */s/ Bruce W. Baber*

19                                           KING & SPALDING LLP
                                             50 California Street, Suite 3300
20                                           San Francisco, California 94111
                                             Telephone: (415) 318-1200
21                                           Facsimile: (415) 318-1300

22                                           *Attorneys for Defendants*
                                             Maxim Konovalov, Igor Sysoev,
23                                           Andrey Alexeev, Gleb Smirnoff,
                                             Maxim Dounin and Angus Robertson

24

25

26

27

28

- 19 -

1         PURSUANT TO STIPULATION, IT IS SO ORDERED.

2   Dated: December 17, 2025

3                                   KANDIS A. WESTMORE
                                    United States District/Magistrate Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 20 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of *Lynwood Investments CY Limited v.*

*Konovalov*, No. 3:20-cv-03778-MMC (N.D. Cal.). I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____ __, 202_

City and State where sworn and signed: _____

Printed name: _____
            [printed name]

Signature: _____
            [signature]

- 21 -