Alexander D. Pencu (pro hac vice)
adp@msf-law.com
Christopher J. Major (pro hac vice)
cjm@msf-law.com
Jeffrey P. Weingart (pro hac vice)
jpw@msf-law.com
**MEISTER SEELIG & FEIN PLLC**
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Fax:  (646) 539-3649

Patricia L. Peden (State Bar No. 206440)
20-3778@cases.warrenlex.com
**WARREN KASH WARREN LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNWOOD INVESTMENTS CY LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>MAXIM KONOVALOV, IGOR SYSOEV, ANDREY ALEXEEV, MAXIM DOUNIN, GLEB SMIRNOFF, ANGUS ROBERTSON, NGINX, INC. (BVI), NGINX SOFTWARE, INC., NGINX, INC. (DE), BV NGINX, LLC, RUNA CAPITAL, INC., EVENTURE CAPITAL PARTNERS II LLC and F5 NETWORKS, INC.,<br><br>    Defendants. | Case No. 3:20-cv-03778-MMC<br><br>**Declaration of Patricia L. Peden In Support of Proposed Changes to the Court's Model Protective Order** |

I, Patricia L. Peden, declare under penalty of perjury as follows:

1. I am a partner at Warren Kash Warren LLP, attorneys of record for Plaintiff Lynwood Investments CY Limited. I have personal knowledge of the facts stated herein. I have been actively involved in the day-to-day negotiations and the meet and confer process regarding the protective order between the parties.

2. This declaration is offered to comply with paragraph 12 of the Court's Standing Order. A redline showing changes to the Court's model protective order for litigation involving patents, highly sensitive confidential information and/or trade secrets ("model order") is attached hereto as Exhibit A.

3. The parties have mutually consented to the following modifications to the model order.

4. In **sections 2.4, 7.3(a), 7.4, 7.4(a)(1), 7.4(b), 7.4(c)**, the parties adopted the optional Designated House Counsel provisions.

5. The parties added "in the United States" to **section 7.1** (second paragraph), which governs the Storage of Protected Materials. This limitation ensures that Protected Materials are stored within the United States, providing Defendants with additional protection against disclosure.

6. In **section 7.3(b)**, the parties added the following paragraph to the model order:

    Designated House Counsel may view "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials, including exhibits to motions or expert reports. This viewing must occur on a screen provided by Outside Counsel of Record and while Outside Counsel of Record is present, either in person or remotely on a shared video call. Designated House Counsel is precluded from recording, copying, downloading or screen sharing such information provided by Outside Counsel of Record. Designated House Counsel are not permitted to receive, hold, or maintain physical or digital copies of any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designated documents.

    This paragraph addresses the Defendants' concerns regarding Designated House Counsel's access to Highly Confidential - AEO Materials.

7. A new paragraph has been added to **section 8(c)** of the model order. This addition addresses the specific information and tools required by Plaintiff's experts for a software code inspection, and

also formalizes the Court's Order that resolved the parties' disagreement concerning the Protective Order. This paragraph reads:

> The Receiving Party may request, and the Producing Party or Producing Parties shall not unreasonably deny, the preinstallation and use on the inspection computer of the following: (1) a specific operating system, (2) specifically identified software tools that will assist in the review and analysis of the source code, and (3) any software code specified by the Receiving Party to be compared against the produced source code. This paragraph allows for simultaneous code inspection by allowing installation and use of additional source code to be compared against the produced source code.

8. A sentence was added to **section 14**. The additional sentence reads "If counsel retains archival copies that contain source code; the source code must be redacted." This sentence aims to provide greater protection to Defendants than afforded by the model order by limiting Designated House Counsel's access to redacted source code materials in archived copies to the duration of the litigation and appeals, preventing indefinite access after the litigation concludes.

Date: December 17, 2025

Respectfully submitted,

*/s/ Patricia L. Peden*
Alexander D. Pencu (pro hac vice)
adp@msf-law.com
Christopher J. Major (pro hac vice)
cjm@msf-law.com
Jeffrey P. Weingart (pro hac vice)
jpw@msf-law.com
**MEISTER SEELIG & FEIN PLLC**
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Fax: (646) 539-3649

Patricia L. Peden (State Bar No. 206440)
20-3778@cases.warrenlex.com
**WARREN KASH WARREN LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Plaintiff*