Alexander D. Pencu (*pro hac vice*)
adp@msf-law.com
Christopher J. Major (*pro hac vice*)
cjm@msf-law.com
Jeffrey P. Weingart (*pro hac vice*)
jpw@msf-law.com
**MEISTER SEELIG & FEIN PLLC**
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Fax: (646) 539-3649

Patricia L. Peden (CA Bar No. 206440)
DeMarcus B. T. Williams (State Bar No. 329756)
**WARREN LLP**
2261 Market Street No. 606
San Francisco, CA 94114
Telephone: (415) 895-2940
Fax: (415) 895-2964
20-3778@cases.warrenllp.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| LYNWOOD INVESTMENTS CY LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>MAXIM KONOVALOV, IGOR SYSOEV, ANDREY ALEXEEV, MAXIM DOUNIN, GLEB SMIRNOFF, ANGUS ROBERTSON, NGINX, INC. (BVI), NGINX SOFTWARE, INC., NGINX, INC. (DE), BV NGINX, LLC, RUNA CAPITAL, Inc., EVENTURE CAPITAL PARTNERS II, LLC and F5 NETWORKS, INC.,<br><br>Defendants. | Case No. 3:20-CV-03778-MMC (KAW)<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR THE ISSUANCE OF A LETTER OF REQUEST SEEKING JUDICIAL ASSISTANCE IN COMPELLING THE PRODUCTION OF DOCUMENTS AND TESTIMONY FROM JET-STREAM, B.V. AND STEF VAN DER ZIEL**<br><br>Hearing Date: March 5, 2026 at 1:30 p.m. |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that, pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters, 28 U.S.C. §1781(b)(2), and Federal Rule of Civil Procedure 28(b), Plaintiff HF Investments CY Limited f/k/a Lynwood Investments CY Limited ("Plaintiff" or "Lynwood") hereby moves, through counsel of record, for an order issuing a letter of request seeking judicial assistance from the appropriate Dutch judicial authority in compelling Jet-Stream, B.V. ("Jet-Stream") to produce documents and compelling its CEO and founder, Stef van der Ziel ("van der Ziel") to provide deposition testimony. The motion is set for a hearing on March 5, 2026 at 1:30 p.m. or at such other date as may be agreed or ordered in the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 4, 3rd Floor, 1301 Clay Street, Oakland, California 94612.

Lynwood seeks an order issuing the Letter of Request submitted herewith to the appropriate judicial authority in the Netherlands seeking its assistance in compelling the production of documents and testimony by Jet-Stream and van der Ziel.

This unopposed motion is based on (1) this Notice of Motion and Motion; (2) the following Memorandum of Points and Authorities; (3) the accompanying Declaration of Alexander D. Pencu ("Pencu Decl."); (4) Lynwood's proposed Letter of Request (Pencu Decl. Ex. 1); and (5) such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  Introduction**

Lynwood alleges that Defendants willfully infringed on Lynwood's valuable copyrights in a popular software program known as NGINX Plus. Lynwood alleges that NGINX Plus was conceived and developed by employees of Russian technology company Rambler Internet Holding, LLC ("Rambler"), which later assigned its ownership rights to Lynwood. Lynwood alleges that Rambler employees, Defendants Igor Sysoev, Maxim Konovalov, and Gleb Smirnoff (together, the "Former Employees"), developed NGINX Plus as a work made for hire, and that it is owned by Rambler under Russian law.  The Second Amended Complaint ("SAC") alleges that the Former Employees

1  and their co-conspirators used Rambler's resources and infrastructure to secretly incubate a business
2  based on the NGINX software they developed while employed at Rambler. SAC [ECF No. 217]
3  ¶¶123, 160-166.

4      Lynwood alleges that, by 2011, while the Former Employees were still employed by
5  Rambler, the Former Employees had developed and were already looking to provide custom NGINX
6  Plus modules to customers in exchange for remuneration. SAC ¶¶ 163, 186. As explained in greater
7  detail below, Lynwood believes that documents recently produced by certain third parties in this case
8  indicate that Jet-Stream was an early – if not the earliest – customer of the Former Employees and/or
9  their new company NGINX, Inc. Lynwood further believes that the documents indicate that the
10 Former Employees produced and agreed to deliver a commercial NGINX module to Jet-Stream in
11 late 2011 whose description matches one of the core functionalities of NGINX Plus.

12     The Court should issue the accompanying Letter of Request because the evidence Lynwood
13 seeks from Jet-Stream and van der Ziel is relevant to Lynwood's copyright infringement claim and
14 falls squarely within the scope of Phase 1 discovery, which is designed to determine whether the
15 Former Employees wrote NGINX Plus code while employed by Rambler. ECF No. 211. If the
16 Former Employees provided custom NGINX module(s) to Jet-Stream before the end of 2011 and
17 these custom NGINX modules ultimately became incorporated and released as NGINX Plus code,
18 such facts are clearly relevant to whether the NGINX Plus code was written before the Former
19 Employees left Rambler. Indeed, this Court has already concluded—in the context of Lynwood's
20 motion to compel Netflix, Inc. to comply with Lynwood's subpoena—that discovery of this nature
21 is relevant. *See* Order Granting in Part and Denying in Part Motion to Compel [ECF No. 252 at 8]
22 (concluding that "there can be no real dispute that any NGINX Plus code developed by individual
23 Defendants for Netflix in … 2011 are directly relevant to the copyright infringement case.").

24     Moreover, given the June 2026 deadline for completion of Phase 1 discovery, the time that
25 it typically takes to obtain evidence from foreign sources, and the uncertainty regarding whether the
26 Defendants have documents relating to Jet-Stream, discovery from Jet-Stream and van der Ziel is
27 both necessary and appropriate at this juncture. *See* Pencu Decl. ¶ 2.

28     Lynwood has conferred with Defendants, and, while they do not agree with all of the

1  statements in this Motion. they do not oppose issuance of the Letter of Request in the form submitted
2  herewith. Pencu Decl. ¶ 4.

3  **II.  Statement of Issue to be Decided**

4  Whether the Court should exercise its authority and issue the enclosed Letter of Request to
5  the appropriate judicial authority in the Netherlands requesting its assistance in compelling the
6  production of documents and deposition testimony by Jet-Stream and van der Ziel.

7  **III.  Factual Background**

8  Jet-Stream is a Netherlands-based provider of content delivery network (CDN) services.
9  Pencu Decl. Ex. 2. Stef van der Ziel is Jet-Stream's founder and CEO. Pencu Decl. Exs. 2, 4.
10 Lynwood recently discovered that Jet-Stream, like Netflix, was an early (if not the earliest) customer
11 of the Former Employees through their new venture NGINX, Inc.

12 For example, a September 2011 presentation to the NGINX, Inc. Board of Directors that was
13 produced by third-party Runa Capital, Inc. in December 2025 includes several references to Jet-
14 Stream. *See* Pencu Decl. Ex. 5. Among other references, the presentation states: ███████████
15 ███████████████████████████████ *Id*. at slide 3 (emphasis added). The presentation also
16 ████████████████████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████████ *Id*. at slide 12.

18 Moreover, Lynwood has also recently uncovered a November 2011 joint statement issued
19 by Jet-Stream and NGINX, Inc. announcing their "commercial partnership to deliver enhanced CDN
20 products and services." Pencu Decl. Ex. 3. Pursuant to that "partnership," and consistent with the
21 September 2011 board presentation, NGINX, Inc. agreed to "provide additional commercial
22 extensions to its open source product to fine-tune NGINX edge nodes for the CDN environment."
23 *Id*. The November 2011 announcement includes the following quote from Defendant Andrey
24 Alexeev:

25 > Jet-Stream is the most innovative company in the multimedia content delivery space
26 > with enormous influence on this segment of the industry.

27 > We are very pleased to inaugurate this new partnership, which enables both our
> companies to provide a rich new set of performance benefits to a wider range of
> enterprise and telecommunications customers.
28

1  *Id.*

2  In addition, interview notes recently produced by third-party Greycroft LP (one of the early
3  potential venture capital investors in the Former Employees' new venture) reflect that Greycroft
4  interviewed Jet-Stream's founder and CEO, Stef van der Ziel, in 2011 about Jet-Steam's experience
5  with NGINX and certain of the Individual Defendants. *See* Pencu Decl. Ex. 4. Those notes likewise
6  indicate that Jet-Stream was an early customer of NGINX, Inc., *see id.* (stating, *e.g.*,
7  
8  ▊, and that Jet-Stream enumerated specific features that it would like to see in commercial
9  NGINX, which Lynwood believes was NGINX Plus. *Id.*

10  Before the production of these documents, Jet-Stream was unknown to Lynwood. The two
11  defendants who were served with interrogatories on this subject (Andrey Alexeev and NGINX, Inc.
12  (BVI)) stated in their responses that Aleexev did not recall the identities of NGINX, Inc.'s early
13  clients (other than Netflix) and that NGINX, Inc. (BVI) had not identified any customers who
14  received proprietary, non-open source NGINX software between January 1, 2011 and December 31,
15  2012. Pencu Decl. Exs. 6-7. Once Lynwood became aware of Jet-Stream, it served requests for
16  production on Defendants seeking documents relating to Jet-Stream. *See* Pencu Decl. Ex. 8.
17  Defendants' responses to those requests are due on February 17, 2026. *Id.*

18  Phase 1 discovery closes on June 26, 2026.

19  **IV.    Argument**

20      **A.    Legal Standard**

21  This Court has the authority to issue a letter of request to the appropriate tribunal in the
22  Netherlands for the production of documents and deposition testimony. *See, e.g., Barnes and Noble,*
23  *Inc. v. LSI Corp.*, 2013 WL 812331, *2 (N.D. Cal. Mar. 5, 2013) (granting motion for letter of request
24  to take deposition and obtain documents from third parties in the Netherlands). Both the United
25  States and the Netherlands are signatories to the Hague Convention of 18 March 1970 on the Taking
26  of Evidence Abroad in Civil or Commercial Matters, which permits "the transmittal of a letter
27  rogatory or request directly from a tribunal in the United States to the foreign or international
28  tribunal, officer, or agency to whom it is addressed and its return in the same manner." 28 U.S.C.

1  §1781(b)(2). And Federal Rule of Civil Procedure 28(b) provides that a deposition may be taken in
2  a foreign country "under a letter of request, whether or not captioned a 'letter rogatory.'"
3        Whether to issue such a letter of request is a matter of discretion for the Court. *International
4  Swimming League, Ltd. v. Federation Internationale de Natation*, 2020 WL 7042861, *2 (N.D. Cal.
5  Dec. 1, 2020); *Barnes and Noble*, 2013, WL 812331, at *2. In exercising that discretion, the Court
6  applies the general discovery standards of Rule 26. *See Successor Agency to Former Emeryville*
7  *Redevelopment Agency v. Swagelok Co.*, 2020 WL 7042860, *2 (N.D. Cal. Dec. 1, 2020); *Dish*
8  *Network L.L.C. v. Jadoo TV, Inc.*, 2020 WL 6528425, *2 (N.D. Cal. June 29, 2020). Under Rule
9  26(b), parties may obtain discovery concerning any nonprivileged matter that is relevant and
10 proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "When determining whether to
11 exercise its discretion, a court will generally not weigh the evidence sought from the discovery
12 request nor will it attempt to predict whether that evidence will actually be obtained." *Dish Network*,
13 2020 WL 6528425, at *2; *see also Int'l Swimming League*, 2020 WL 7042861, at *2; *Barnes and*
14 *Noble*, 2013, WL 812331, at *2.

### B. The Court Should Issue the Letter of Request

Lynwood believes that Jet-Stream and van der Ziel likely have evidence relevant to Lynwood's copyright infringement claim and specifically to the core issue of Phase 1 discovery, *i.e.*, whether NGINX Plus code was written by Sysoev or other former Rambler employees during their employment by Rambler. Lynwood further believes that the recently discovered documents highlighted above indicate that Jet-Stream was an early customer of NGINX, Inc. and that NGINX, Inc. created commercial NGINX module(s) for Jet-Stream in 2011. *See* Pencu Decl. Exs. 3-5. The document requests and deposition topics attached to the proposed Letter of Request seek to develop information concerning the commercial relationship between Jet-Stream and the Defendants, including whether the Defendants delivered or contracted to deliver NGINX proprietary code to Jet-Stream in 2011 or 2012.

Just as this Court recently found with respect to Netflix, "there can be no real dispute that any NGINX Plus code developed by individual Defendants for [Jet-Stream] in … 2011 are directly relevant to the copyright infringement case." ECF No. 252 at 8. If NGINX, Inc. agreed to provide

commercial NGINX modules to Jet-Stream in 2011 or even early 2012 — as the documents highlighted above strongly suggest — that could support Lynwood's claim that one or more of the Former Employees developed NGINX Plus code while they were still employed at Rambler.

The discovery Lynwood seeks from Jet-Stream and van der Ziel is also proportionate and appropriate at this juncture. Given the June 2026 cutoff for Phase 1 discovery and the time that it typically takes to execute international discovery requests, Lynwood cannot afford to wait until party discovery has been exhausted. *See, e.g., Successor Agency*, 2020 WL 7042860, at *3 ("Given the relatively short amount of time remaining to conduct discovery, it is reasonable for plaintiffs to bring this motion [seeking issuance of letters rogatory for testimony and documents from foreign sources] rather than wait until they have exhausted all other possible sources of relevant testimony"). Moreover, Lynwood is uncertain regarding whether it can obtain the requested discovery from parties to this case. Two of the defendants (Andrey Alexeev and NGINX, Inc. (BVI)) did not identify any early clients or customers of NGINX, Inc. (other than Netflix) in their interrogatory responses. *See* Pencu Decl. Exs. 6-7. And the Defendants informed Lynwood on January 30, 2026, that the NGINX emails for certain of the Individual Defendants and certain other NGINX employees either no longer exist or cannot be located. *See* Pencu Decl. ¶2; *Fisher and Paykel Healthcare Ltd. v. Flexicare Inc.*, 2020 WL 5900155, *2 (C.D. Cal. Aug. 17, 2020) (concluding that, where individual inventors had left party's employment long before and emails had been destroyed, requesting party should be allowed to test opposing party's assertion that requested discovery from foreign non-parties would be duplicative and/or cumulative).

Thus, because the requested discovery meets the standards of Rule 26(b) and Defendants do not oppose the relief sought herein, the Court should issue the proposed Letter of Request. *See Dish Networks*, 2020 WL 6528425, *2 (granting unopposed motion for issuance of letters rogatory after finding that discovery sought was relevant and discoverable under Rule 26); *Topalsson GmbH v. O'Gara Coach Co., LLC,* 2024 WL 5316235, *5-7 (C.D. Cal. Aug. 20, 2024) (granting motion for letter rogatory in case alleging infringement of plaintiff's copyright in certain software where information plaintiff sought from foreign non-party was relevant to whether defendants' product infringed plaintiff's copyright and plaintiff asserted that it had unsuccessfully attempted to obtain the

information from parties to the case); *Int'l Swimming League*, 2020 WL 7042861, at *2-3 (ordering issuance of letter of request where communications sought were relevant to plaintiff's claim and not likely to be produced by party, which had asserted that emails of its officers were outside its possession and control).

# CONCLUSION

For the reasons stated above, Lynwood respectfully requests that the Court issue the Letter of Request submitted herewith.

DATED: February 18, 2026

By: /s/ *Alexander D. Pencu*
(Admitted *Pro Hac Vice*)
MEISTER SEELIG & FEIN PLLC
125 Park Avenue, 7th Floor
New York, New York 10017
Telephone: (212) 655-3500

WARREN LLP
2261 Market Street, No. 606
San Francisco, California 94114
Telephone: (415) 895-2940
Facsimile: (415) 895-2964

*Counsel for Plaintiff HF Investments CY Limited f/k/a Lynwood Investments CY Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of February 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System.

                                           /s/ *DeMarcus Williams*
                                               DEMARCUS WILLIAMS