# EXHIBIT 7

1  BENJAMIN J. FOX (CA SBN 193374)
   MARK D. MARCISZEWSKI (CA SBN 344240)
2  ANDREW Q. NGUYEN (CA SBN 357744)
   MORRISON & FOERSTER LLP
3  707 Wilshire Boulevard
   Los Angeles, California 90017-3543
4  Telephone: 213.892.5200
   Facsimile: 213.892.5454
5  BFox@mofo.com; MMarciszewski@mofo.com;
   AndrewNguyen@mofo.com
6
   ERIC C. PAI (CA SBN 247604)
7  MORRISON & FOERSTER LLP
   755 Page Mill Road
8  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
9  Facsimile: 650.494.0792
   EPai@mofo.com
10
   *Attorneys for Defendants*
11 F5, INC., NGINX, INC. (BVI)
   and NGINX SOFTWARE, INC.
12

13                    UNITED STATES DISTRICT COURT

14                    NORTHERN DISTRICT OF CALIFORNIA

15

| 16 | LYNWOOD INVESTMENTS CY LIMITED, | Case No. 3:20-cv-03778-MMC |
|---|---|---|
| 17 | Plaintiff, | **DEFENDANT NGINX, INC. (BVI)'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| 18 | v. | |
| 19 | MAXIM KONOVALOV, IGOR SYSOEV, ANDREY ALEXEEV, MAXIM DOUNIN, GLEB SMIRNOFF, ANGUS ROBERTSON, NGINX, INC. (BVI), NGINX SOFTWARE, INC., NGINX, INC. (DE), BV NGINX, LLC, RUNA CAPITAL, INC., EVENTURE CAPITAL PARTNERS II LLC and F5 NETWORKS, INC., | |
| 23 | Defendants. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court ("Local Rules"), Defendant NGINX, Inc. (BVI) ("NGINX BVI") submits the following responses and objections to Plaintiff's First Set of Interrogatories to Defendant NGINX, Inc. (BVI) (Nos. 1-3).

**PRELIMINARY STATEMENT**

1.　　NGINX BVI's responses ("Responses") to Plaintiff's First Set of Interrogatories ("Interrogatories") are made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and based upon information currently available to NGINX BVI. Investigation is ongoing in this case. NGINX BVI provides these Responses to the best of its current knowledge, information, and belief, and without prejudice to NGINX BVI's right to supplement its Responses. NGINX BVI expressly reserves the right to modify or supplement these Responses, and to assert additional objections to the Interrogatories, as necessary or appropriate.

2.　　NGINX BVI makes these responses subject to and without waiving NGINX BVI's right to introduce, use, or refer to information which NGINX BVI presently has, but which NGINX BVI has not yet had sufficient time to analyze and evaluate, as well as NGINX BVI's right to amend or supplement its Responses if any information previously available to NGINX BVI is unintentionally omitted from its Responses.

3.　　NGINX BVI makes these Responses subject to and without waiving its right to object to the admissibility of any admission, denial, documents, or information for any reason (e.g., authenticity, relevancy, materiality, and privilege) at trial or any other stage of this or any other proceeding. The assertion by NGINX BVI of various objections is not a waiver of other objections that might be applicable or become so at some future time. Nothing herein shall be construed as an admission with respect to the admissibility or relevance of any information, fact or document, or the truth or accuracy of any characterization or statement of any kind contained in Plaintiff's Interrogatories.

4.　　NGINX BVI objects to the Interrogatories to the extent that Lynwood seeks to exceed or circumvent the limit on the number of interrogatories Lynwood may serve on F5, Inc., NGINX BVI, and NGINX Software, Inc. (together, the "F5 Defendants") by propounding

separate sets of interrogatories on each of the F5 Defendants.  NGINX BVI will consider Lynwood to have exhausted its interrogatories when Lynwood has served a total of 25 interrogatories (including all discrete subparts) on the F5 Defendants.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      NGINX BVI objects to each instruction and definition to the extent that it seeks to impose obligations on NGINX BVI beyond those required by the Federal Rules of Civil Procedure, the Local Rules, any other applicable laws, rules, or orders, or the parties' prior agreement(s).  By responding to these Interrogatories, NGINX BVI does not intend, and shall not be deemed, to have accepted or adopted any of Plaintiff's definitions or instructions.

2.      NGINX BVI objects to Lynwood's definition of "identify" as vague and ambiguous, overly broad, and unduly burdensome to the extent it purports to impose on NGINX BVI a duty to respond greater than that permitted by the applicable Rules of Civil Procedure, this Court's Civil Local Rules, applicable law, and any Order governing this case.

3.      NGINX BVI objects to Lynwood's definition of "NGINX Plus" as vague and ambiguous, overly broad, and unduly burdensome, particularly as to its attempt to include "all source code and executable code," which are not relevant to any party's claim or defense and are not proportional to the needs of the case.

4.      NGINX BVI objects to Lynwood's definitions of "you," and "your" to the extent they purport to include persons or entities other than NGINX BVI, and to the extent the referenced entity is not under the NGINX BVI's control.  Unless otherwise noted, NGINX BVI interprets these terms to refer only to NGINX BVI.  NGINX BVI expressly disclaims any undertaking or obligation to respond for or on behalf of any other person or entity, or to produce documents in the possession, custody, or control of any other person or entity.

Subject to the foregoing qualifications and specific objections below, the F5 Defendants respond to Lynwood's Interrogatories as follows:

NGINX, INC. (BVI)'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES
Case No. 3:20-cv-03778-MMC
MF-364334195

2

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all customers who received proprietary, non-open source NGINX software between January 1, 2011 and December 31, 2012.

**RESPONSE TO INTERROGATORY NO. 1:**

NGINX BVI objects to this Interrogatory to the extent it calls for information not in NGINX BVI's possession, custody, or control. NGINX BVI further objects to the extent this Interrogatory seeks information outside the bounds of Phase One discovery in violation of the Court's order. NGINX BVI further objects to the phrase "proprietary, non-open source NGINX software code" as vague and ambiguous. NGINX BVI further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information not relevant to any party's claim or defense and not proportional to the needs of the case. NGINX BVI further objects to the extent this Interrogatory calls for the disclosure of commercially sensitive, confidential, and/or trade secret information in the absence of a protective order.

Subject to its objections, NGINX BVI responds as follows: Investigation is ongoing. Based on its investigation to date, NGINX BVI has not identified any customers of NGINX BVI who received proprietary, non-open source NGINX software code that became part of NGINX Plus.

**INTERROGATORY NO. 2:**

Identify all software repositories used in the development, testing, tracking and/or storage of proprietary, non-open source NGINX software code that became part of NGINX Plus.

**RESPONSE TO INTERROGATORY NO. 2:**

NGINX BVI objects to the phrase "proprietary, non-open source NGINX software code that became part of NGINX Plus" as vague and ambiguous. NGINX BVI further objects to this Interrogatory to the extent it calls for information not in NGINX BVI's possession, custody, or control. NGINX BVI further objects to the extent this Interrogatory seeks information outside the bounds of Phase One discovery in violation of the Court's order. NGINX BVI further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information not relevant to any

NGINX, INC. (BVI)'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES
Case No. 3:20-cv-03778-MMC
MF-364334195

3

1 party's claim or defense and not proportional to the needs of the case. NGINX BVI further
2 objects to the extent this Interrogatory calls for the disclosure of commercially sensitive,
3 confidential, and/or trade secret information in the absence of a protective order. NGINX BVI
4 further objects to this Interrogatory as containing at least four discrete subparts by seeking
5 information concerning "development, testing, tracking and/or storage" which should be counted
6 as at least four separate Interrogatories.

7 Subject to its objections, NGINX BVI responds as follows: Pursuant to Federal Rule of
8 Civil Procedure 33(d), the information sought by this Interrogatory, to the extent known by or
9 available to NGINX BVI based on materials in the possession of NGINX BVI, can be determined
10 from the source code for NGINX Plus and contemporaneous NGINX Plus development
11 documents, which the F5 Defendants will make available for inspection by Plaintiff's counsel or
12 Plaintiff's designated expert upon the entry of a suitable protective order governing the inspection
13 of source code.

14 **INTERROGATORY NO. 3:**

15 Identify the electronic device(s) on which proprietary, non-open source NGINX software
16 code that became part of NGINX Plus was written, tested, tracked, and/or stored between
17 January 1, 2008 and December 31, 2012.

18 **RESPONSE TO INTERROGATORY NO. 3:**

19 NGINX BVI objects to this Interrogatory to the extent it calls for information not in
20 NGINX BVI's possession, custody, or control. NGINX BVI further objects to the extent this
21 Interrogatory seeks information outside the bounds of Phase One discovery in violation of the
22 Court's order. NGINX BVI further objects to the phrase "proprietary, non-open source NGINX
23 software code" as vague and ambiguous. NGINX BVI further objects to this Interrogatory as
24 overbroad, unduly burdensome, and seeking information not relevant to any party's claim or
25 defense and not proportional to the needs of the case. NGINX BVI further objects to the extent
26 this Interrogatory calls for the disclosure of sensitive confidential and/or trade secret information
27 in the absence of a protective order. NGINX BVI further objects to this Interrogatory as
28

NGINX, INC. (BVI)'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES
Case No. 3:20-cv-03778-MMC
MF-364334195

4

containing at least four discrete subparts by seeking information concerning what "was written, tested, tracked, and/or stored" which should be counted as at least four separate Interrogatories.

  Subject to its objections, NGINX BVI responds as follows: Investigation is ongoing. Based on its investigation to date, NGINX BVI has not identified any information that would be responsive to this Interrogatory.

Dated:  November 19, 2025    MORRISON & FOERSTER LLP

By: /s/ *Eric C. Pai*
   Eric C. Pai

Attorneys for Defendants
F5, INC., NGINX, INC. (BVI)
and NGINX SOFTWARE, INC.

NGINX, INC. (BVI)'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES
Case No. 3:20-cv-03778-MMC
MF-364334195

5

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, CA 94304. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on the date hereof, I served a copy of:

**DEFENDANT NGINX, INC. (BVI)'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

*Attorneys for Plaintiff*
*Lynwood Investments Cy Limited*

| | |
|---|---|
| Alexander D. Pencu<br>Austin Don Kim<br>Christopher John Major<br>David F. Geneson<br>Jeffrey P. Weingart<br>Leah Ariel Henry<br>Susan M. Schlesinger<br>MEISTER SEELIG & FEIN LLP<br>125 Park Avenue, 7th Floor<br>New York, NY 10017<br>Telephone: (212) 655-3500<br>adp@msf-law.com, adk@msf-law.com,<br>cjm@msf-law.com, dfg@msf-law.com,<br>jpw@ msf-law.com, lah@msf-law.com<br>sms@msf-law.com | Patricia L. Peden<br>WARREN KASH WARREN LLP<br>2261 Market Street, No. 606<br>San Francisco, California, 94114<br>Telephone: (415) 895-2940<br>Facsimile:(415) 895-2964<br>20-3778@cases.warrenlex.com |

*Attorneys for Defendants*
*Maxim Konovalov, Igor Sysoev, Andrey Alexeev, Gleb Smirnoff,*
*Maxim Dounin, and Angus Robertson*

| | |
|---|---|
| Shane Brun<br>KING & SPALDING LLP<br>50 California Street, Suite 3300<br>San Francisco, California 94111<br>Telephone: (415) 318-1200<br>Facsimile: (415) 318-1300<br>sbrun@kslaw.com | BRUCE W. BABER<br>ELLEN Y. MIN<br>KING & SPALDING LLP<br>1180 Peachtree Street, N.E.<br>Atlanta, GA 30303-1763<br>Telephone: (404) 572-4600<br>Facsimile: (404) 572-5100<br>bbaber@kslaw.com<br>emin@kslaw.com |

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Palo Alto, California, this 19th day of November 2025.

| Daisy Belle Visitacion | /s/ Daisy Belle Visitacion |
|---|---|
| (Typed) | (Signature) |

CERTIFICATE OF SERVICE
Case No. 3:20-cv-03778-MMC

MF-364334195

2