Alexander D. Pencu (pro hac vice)
adp@msf-law.com
Christopher J. Major (pro hac vice)
cjm@msf-law.com
Jeffrey P. Weingart (pro hac vice)
jpw@msf-law.com
MEISTER SEELIG & FEIN PLLC
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Fax: (646) 539-3649

Patricia L. Peden (State Bar No. 206440)
DeMarcus B. T. Williams (State Bar No. 329756)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-3778@cases.warrenllp.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LYNWOOD INVESTMENTS CY LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>MAXIM KONOVALOV, IGOR SYSOEV, ANDREY ALEXEEV, MAXIM DOUNIN, GLEB SMIRNOFF, ANGUS ROBERTSON, NGINX, INC. (BVI), NGINX SOFTWARE, INC., NGINX, INC. (DE), BV NGINX, LLC, RUNA CAPITAL, INC., EVENTURE CAPITAL PARTNERS II LLC and F5 NETWORKS, INC.,<br><br>    Defendants. | Case No. 3:20-cv-03778-KAW<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL EXHIBITS TO PLAINTIFF'S MOTION TO PERMIT DISCLOSURE TO EXPERT WITNESSES AND THE DECLARATION OF CHRISTOPER MAJOR** |

Pursuant to Civil Local Rules 7-11 and 79-5 Plaintiff HF Investments CY Limited f/k/a Lynwood Investments CY Limited ("Plaintiff" or "Lynwood"), respectfully submits this Administrative Motion for an order to file under seal Exhibit 1 and small portions of Exhibits 2 and 3 to the Declaration Christopher Major (the "Major Declaration") in Support of Lynwood's Motion to Permit Disclosure to Expert Witnesses.

Pursuant to Civil Local L.R. 79-5(c), this administrative motion is accompanied by the following:

    1.   The specific statement below required by Civil L.R. 79-5(c);

    2.   Declaration of Patricia L. Peden in Support of Lynwood's Administrative Motion to Seal ("Peden Decl.");

    3.   A proposed order that lists each document and portion thereof to be sealed; and

    4.   Largely unredacted copies of the documents.

The documents to be sealed are (1) Exhibit 1 to the Major Declaration which is Lynwood's supplemental expert disclosures, which was designated Confidential under the Protective Order, and (2) Exhibits 2 and 3 which are email communications between the parties reflecting the content the disclosures by Lynwood's experts. These expert disclosures identify each member of Lynwood's expert team, and disclose all of their previous engagements and relevant industry sectors, including the experts' confidential prior engagements. Peden Decl. ¶ 4. These disclosures include a section where the expert identified engagements subject to contractual confidentiality restrictions are described as specifically as possible to comply with the Protective Order without violating such disclosure prohibitions. Peden Decl. ¶ 6. The associated emails are attorney communications between the parties that contain some of this confidential information. Peden Decl. ¶ 6. The information contained in these documents has been held in confidence by Lynwood's experts, and was shared with opposing counsel, designated as "Confidential – Subject to Protective Order."

Lynwood provided the expert disclosures to the F5 Defendants and the Individuals Defendants pursuant to Section 7.4(a)(2) of the Protective Order so that Lynwood's experts may have access to proceed with their source code inspection and review of documents designated as Protected Material under the Protective Order. Peden Decl. ¶ 5. Lynwood has tailored its redactions to the expert

disclosures and the information within the associated emails to comply with the expert's confidentiality agreements.  However even with these redactions, there is still a risk of inadvertent disclosure of information within the scope of the experts' confidentiality agreements.  Therefore, Lynwood seeks to file the expert disclosures and portions of the emails under seal, pursuant to Section 13.4 of the protective order

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  The Ninth Circuit recognizes an exception "for sealed materials attached to a discovery motion unrelated to the merits of a case." *Id*. at 1097.  Under this exception, a party need only show good cause for sealing documents. *Id*.  "Good cause" requires a "showing [of] specific prejudice or harm will result." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

Here "good cause" exists to support Lynwood's motion to seal as significant "prejudice or harm" will follow if the information sought to be sealed is publicly disclosed.  These expert disclosures include details subject to contractual confidentiality restrictions; publicly available or publicly disclosed.  Peden Decl. ¶ 7.  Disclosure of such information would provide third parties with information that violate these confidentiality obligations.  Protective orders and filings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties) legitimate expectation that confidential information will not be publicly disseminated. *In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992).  That is the limited information Lynwood seeks to file under seal here.

In addition, the public interest in the information sought to be filed under seal is low.  The Court's resolution of this case, and the parties positions and evidence, are not reflected in the experts' resumes.  To the extent the public has an interest in the resolution of the merits of this pending case, none of the information provided in the expert disclosures addresses the merits of the lawsuit.  This Court has sealed information it deemed "not relevant to the litigation and the public has no real interest in its disclosure." *Kumandan v. Google LLC*, No. 19-4286, 2023 WL 2189498, at *5 (N.D. Cal. Feb. 22, 2023) (citing *O'Connor v. Uber Techs., Inc.*, No. 13-3826, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27,

2015)).  Accordingly, Lynwood requests that the Court allow sealing of portions of Lynwood's Motion to Permit to Disclosure to Expert Witnesses and the Declaration of Christopher Major as identified below.

| Document | Portion to Seal |
|---|---|
| Exhibit 1 to Major Declaration | Full Exhibit |
| Exhibit 2 to Major Declaration | P. 7-8, 10 |
| Exhibit 3 to Major Declaration | P. 8-9, 11-12, 15 |

Date:  March 27, 2026

Respectfully submitted,

*/s/ Patricia L. Peden*
Patricia L. Peden (State Bar No. 206440)
DeMarcus B. T. Williams (State Bar No. 329756)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-5118@cases.warrenllp.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System.

*Patricia L. Peden*
Patricia L. Peden