Alexander D. Pencu (pro hac vice)
adp@msf-law.com
Christopher J. Major (pro hac vice)
cjm@msf-law.com
Jeffrey P. Weingart (pro hac vice)
jpw@msf-law.com
MEISTER SEELIG & FEIN PLLC
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Fax: (646) 539-3649

Patricia L. Peden (State Bar No. 206440)
DeMarcus B. T. Williams (State Bar No. 329756)
WARREN LLP
20-3778@cases.warrenllp.com
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Plaintiff Lynwood Investments CY Limited*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNWOOD INVESTMENTS CY LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>MAXIM KONOVALOV, IGOR SYSOEV, ANDREY ALEXEEV, MAXIM DOUNIN, GLEB SMIRNOFF, ANGUS ROBERTSON, NGINX, INC. (BVI), NGINX SOFTWARE, INC., NGINX, INC. (DE), BV NGINX, LLC, RUNA CAPITAL, INC., EVENTURE CAPITAL PARTNERS II LLC and F5 NETWORKS, INC.,<br><br>    Defendants. | Case No. 3:20-cv-03778-KAW<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S LYNWOOD INVESTMENTS CY LIMITED, MOTION TO PERMIT DISCLOSURE TO EXPERT WITNESSES** |

Plaintiff Lynwood Investments CY Limited ("Lynwood") moved pursuant to Paragraph 7.4(c) of the Stipulated Protective Order (Dkt. No. 262) for permission to disclose materials designated by F5 Defendants as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY and HIGHLY CONFIDENTIAL—SOURCE CODE to three members of Lynwood's expert team: Cody Deyarmin, Michael Harrison, and Robert Allen.  F5 Defendants objected to disclosure to these three experts, asserting unspecified concerns.

Under Paragraph 7.4(c) of the Protective Order, the objecting party bears the burden to demonstrate that "the risk of harm that the disclosure would entail, under the safeguards proposed, outweighs the [receiving party's] need to disclose the Protected Material to the Designated House Counsel or Expert."  Courts in this District consistently require the objecting party to identify concrete, non-speculative risks of competitive harm sufficient to overcome the receiving party's demonstrated need for expert access. *See Olin v. Facebook, Inc.*, No. 18-1881, 2019 WL 5802020, at 2-3 (N.D. Cal. Nov. 7, 2019); *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-1012, 2017 WL 3021018, at 2-3 (N.D. Cal. July 17, 2017).

The F5 Defendants have failed to meet their burden.  Despite extensive meet-and-confer communications and supplemental disclosures by Lynwood, F5 Defendants have not identified any actual or potential competitive risk or harm posed by disclosure to Mr. Deyarmin, Mr. Harrison, or Mr. Allen.  F5 Defendants' generalized concerns and demands for prospective restrictive covenants are insufficient to sustain their objections.  Accordingly, F5 Defendants' objections are OVERRULED, and Lynwood is authorized to disclose materials designated HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY and HIGHLY CONFIDENTIAL—SOURCE CODE to Cody Deyarmin, Michael Harrison, and Robert Allen, subject to all safeguards and restrictions set forth in the Stipulated Protective Order.

**IT IS SO ORDERED.**

Date: _____, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge