# EXHIBIT 3
# FILED UNDER SEAL

# Christopher J. Major

| | |
|---|---|
| **From:** | Patricia Peden <patricia@warrenllp.com> |
| **Sent:** | Thursday, March 26, 2026 4:40 PM |
| **To:** | Pai, Eric C. |
| **Cc:** | Christopher J. Major; Jeffrey P. Weingart; Fox, Benjamin J. (LA Litigation); Marciszewski, Mark D.; Nguyen, Andrew Q.; Bruce W. Baber; Shane Brun; Alexander D. Pencu; Austin D. Kim; Marina Tarasova; Jaime S. Israel; DeMarcus Williams; MoFoF5vLynwood |
| **Subject:** | Re: [EXT] Lynwood's Amended Expert Disclosures |

> **CAUTION:** This is an external email. DO NOT click links or open attachments unless you can confirm the sender and know the content is safe.

Eric,

We do not agree with your characterization of events, but we are nonetheless glad to hear you intend to resolve this issue today. It is clear that there are no competitive conflicts precluding our experts from serving in this case.

If we do not receive word from F5 that our experts can proceed by the close of business today, 5:30 p.m. PT, we will move forward with filing the necessary motion.

Best,

Patty

On Wed, Mar 25, 2026 at 8:01 PM Pai, Eric C. <EPai@mofo.com> wrote:

Patty,

Lynwood disclosed new information regarding its experts just this past Sunday, March 22 as reflected in the email thread below. That includes information we have been requesting from Lynwood for over a month, including in two emails we sent you on February 17 and February 20, to which you never responded. As you know, our team has been occupied over the past two days preparing our responsive section of the joint letter brief that was filed late last night.

1

We have been evaluating today the new information that Lynwood provided on Sunday regarding its experts and have been consulting with our clients about it.  We will be back to you on this tomorrow.

Regards,

Eric

**Eric Pai**

Partner

epai@mofo.com

T: +1 (650) 813-5623

Morrison Foerster

755 Page Mill Road

Palo Alto, CA 94304-1018

**IIIORRISON FOERSTER**

mofo.com | LinkedIn

---

**From:** Patricia Peden <patricia@warrenllp.com>
**Sent:** Wednesday, March 25, 2026 5:02 PM
**To:** Christopher J. Major <cjm@msf-law.com>
**Cc:** Pai, Eric C. <EPai@mofo.com>; Jeffrey P. Weingart <jpw@msf-law.com>; Fox, Benjamin J. (LA Litigation) <Bfox@mofo.com>; Marciszewski, Mark D. <MMarciszewski@mofo.com>; Nguyen, Andrew Q. <AndrewNguyen@mofo.com>; Bruce W. Baber <bbaber@kslaw.com>; Shane Brun <sbrun@kslaw.com>; Alexander D. Pencu <adp@msf-law.com>; Austin D. Kim <adk@msf-law.com>; Marina Tarasova <mt@msf-law.com>; Jaime S. Israel <jsi@msf-law.com>; DeMarcus Williams <demarcus@warrenllp.com>; MoFoF5vLynwood <MoFoF5vLynwood@mofo.com>
**Subject:** Re: [EXT] Lynwood's Amended Expert Disclosures

F5 Counsel,

I am writing to follow up on our prior meet and confer emails re expert disclosures.  We proposed using the Court's letter-brief process to present any remaining disputes about Lynwood's expert disclosures to Judge Westmore, to avoid the more burdensome motion practice contemplated by Protective Order paragraph 7.4(c). We have received no response and, to date, have encountered a lack of cooperation on this issue. Given this record, we do not expect cooperation in filing a joint letter brief.

Time is of the essence, both because our experts are eager to move forward and because Defendants continue to represent to the Court that Lynwood is not proceeding with an inspection—while omitting Defendants' refusal to respond to our meet and confer efforts.

In light of this record, Lynwood will file the motion expressly authorized by Paragraph 7.4(c) of the Protective Order to seek relief from the Court, unless Defendants withdraw their objections before the motion is filed tomorrow.

Best,

Patty


On Tue, Mar 24, 2026 at 12:50 PM Patricia Peden <patricia@warrenllp.com> wrote:

Defendants' Counsel:


We are writing once more regarding Lynwood's expert disclosures, as you have chosen, again, to ignore our last email on this subject.


We have provided all information required by Section 7.4(a)(2) and fully satisfied the meet-and-confer obligations through multiple good-faith telephonic conferences, including our call on March 13, 2026 where all issues were discussed, and the information requested provided.


Defendants' pattern of delay—waiting until the last minutes of the 14-day objection period, treating clarifying emails as new disclosures to restart the 14-day clock, and ignoring emails and meet and confer requests—is inconsistent with the Protective Order's mandate that parties attempt in good faith to resolve disputes within seven days.  Defendants' dilatory conduct is made worse by the fact that, throughout this process, you have failed to identify a single competitive harm, or to provide the detailed objections required by the Protective Order. We are unwilling to permit Defendants to ignore our efforts, play games with the 14-day clock, or to accuse Lynwood of "refusing" to inspect code while you delay our expert's access.  It is time to bring this issue to a close.

Absent unequivocal written confirmation by **noon tomorrow** that Defendants have no further objections to Plaintiff's disclosed experts, under Section 7.4(a)(2)-(b) of the Stipulated Protective Order, we will be forced to seek Court intervention.  We will send our section of the joint discovery letter tomorrow afternoon. We expect Defendants' portion within 48 hours thereafter and Lynwood will send its reply section within 24 hours of receiving Defendants' section. Should Defendants fail to adhere to this schedule, we will proceed with an appropriate motion or solo letter consistent with the Court's Standing Order.  Under no circumstances will we allow further delay.

Best,

Patty

On Sun, Mar 22, 2026 at 12:16 PM Christopher J. Major <cjm@msf-law.com> wrote:

Eric,

We disagree with the premise of your email. Lynwood has fully complied with Section 7.4(a)(2) of the Stipulated Protective Order and has gone beyond what the Order requires to address your competitive-risk concerns.

Regarding the individual LLCs you have inquired about: these are simply the business entities through which certain experts provide their professional services. All work performed by or through those LLCs during the relevant five-year period has already been disclosed in the expert disclosures. There is no separate body of undisclosed work.

In response to your February 17 and March 9 emails and the March 13 meet and confer, Lynwood provided extensive supplemental information, including: (1) more detailed industry and work-scope descriptions for confidential engagements; and (2) affirmative representations that none of Lynwood's experts has had engagements in the past five years with F5's principal competitors (as identified from public sources) or with the broader list you proposed (Citrix, Broadcom/VMware, Cisco, Check Point, and Radware). None of these disclosures were required by the Protective Order but we have provided them in an effort to persuade F5 to cease its interference with our experts' work.  Those supplements directly address competitive concerns and, having found none, it is time for F5 to stop blocking our experts.

Your latest requests—for example, whether "any" work has involved "web server technology or web server software," client-by-client descriptions of ongoing and concluded confidential engagements, and detailed narratives of day-to-day work at Mahlet, Open Systems Information, and Fishbones—go well beyond the six enumerated items in Section 7.4(a)(2). The Protective Order does not require interrogatory-style narratives about every engagement or override separate confidentiality obligations

4

to third parties. Footnote 1 expressly permits experts to provide only such information as can be disclosed without breaching those agreements.

Section 7.4(c) places the burden on the party opposing disclosure "to prove that the risk of harm that the disclosure would entail under the safeguards proposed outweighs the Receiving Party's need to disclose the Protected Material." Courts in this District require a concrete, non-speculative showing of competitive harm. F5 has not identified any engagement involving F5, any identified competitor, or any product that competes with NGINX Plus. Lynwood's experts are not former or current employees of a Party or its competitors.  If you have a claim of competitive harm, state it. To date, F5 has offered no such showing.

To remove any doubt: Lynwood confirms that none of its disclosed experts has, in the last five years, worked on an engagement involving F5, any of the competitors identified in our March 13 correspondence or in your March 18 email, or any project designed to develop or improve a commercial product that competes with NGINX Plus. Subject to their confidentiality obligations, the experts' work for Mahlet, Open Systems Information, and Fishbones Digital does not involve F5 or any identified competitor and does not create a realistic risk of misusing F5's source code for a competing product.

If F5 continues to object notwithstanding the absence of any concrete competitive conflict, Lynwood will proceed under Section 7.4(c) to seek a Court order permitting its experts to review materials designated HIGHLY CONFIDENTIAL and HIGHLY CONFIDENTIAL–SOURCE CODE.

Please confirm by Monday at 5:00 p.m. PT that you are withdrawing your objections.  If you will not, please provide a time on Tuesday for a final meet and confer with Ben Fox participating so we can get our motion on file.


Christopher J. Major, Esq.
Meister Seelig & Fein PLLC
(212) 655-3579

---

**From:** Pai, Eric C. <EPai@mofo.com>
**Sent:** Thursday, March 19, 2026 12:11 AM
**To:** Christopher J. Major <cjm@msf-law.com>; Patricia Peden <patricia@warrenllp.com>
**Cc:** Jeffrey P. Weingart <jpw@msf-law.com>; Fox, Benjamin J. (LA Litigation) <Bfox@mofo.com>; Marciszewski, Mark D. <MMarciszewski@mofo.com>; Nguyen, Andrew Q. <AndrewNguyen@mofo.com>; Bruce W. Baber <bbaber@kslaw.com>; Shane Brun <sbrun@kslaw.com>; Alexander D. Pencu <adp@msf-law.com>; Austin D. Kim <adk@msf-law.com>; Marina Tarasova <mt@msf-law.com>; Jaime S. Israel <jsi@msf-law.com>; DeMarcus Williams <demarcus@warrenllp.com>; MoFoF5vLynwood <MoFoF5vLynwood@mofo.com>
**Subject:** RE: [EXT] Lynwood's Amended Expert Disclosures

**CAUTION:** This is an external email. DO NOT click links or open attachments unless you can confirm the sender and know the content is safe.

Chris,

We are troubled by Lynwood's continued refusal to provide important information that is directly relevant to assessing the risk of competitive harm associated with Lynwood's request to provide its proposed experts with access to Defendants' most sensitive and Highly Confidential information and source code. We have been requesting this information since Lynwood first identified these experts, in the hope that Lynwood would provide that information and it would demonstrate an absence of competitive concerns so that we could resolve these issues. We continue to hope Lynwood will follow that course. It would be improper and unproductive for Lynwood to prematurely raise these issues with the Court while withholding from Defendants (and the Court) key information that is material to the resolution of the issues.

Do any of Lynwood's experts' work or professional services involve web server technology or web server software? We asked Lynwood this question over a month ago in my February 17 email. We raised it again in my March 9 email, and again on our meet and confer a few days ago on March 13. This information bears directly on the issues here given that Lynwood seeks to have these experts access all of the Highly Confidential source code and source code development documents for NGINX Plus. We are surprised and troubled by Lynwood's refusal to provide this information. Please provide it.

We also asked you for information regarding the work that each of Lynwood's experts has performed for their employers other than Global Data Risk LLC, especially given that all of them aside from Mr. Laykin are currently and actively employed by other companies.

As discussed on our meet and confer, Mr. Deyarmin is currently employed by Mahlet Consulting, Inc. and the resume that Lynwood provided with its amended disclosures states only that Mr. Deyarmin is a "Rust Software Engineer" and provides no detail about Mr. Deyarmin's work at Mahlet. Publicly available information, however, indicates that Mahlet is a network security company. It presents a significant competitive concern that Lynwood seeks to disclose Defendants' Highly Confidential information to a software engineer writing software in the network security space. We thus reiterate our request from our meet and confer that Lynwood provide additional details concerning Mr. Deyarmin's work at Mahlet.

We are likewise concerned about Mr. Harrison's and Mr. Allen's ongoing employment with Open Systems Information, Inc. Again, the resumes provided by Lynwood include no detail about their work at Open Systems Information. And again, publicly available information indicates that the company operates in the

6

network security space and Mr. Harrison's resumes states that he is the "Director of Security Engineering."  We reiterate our request from our meet and confer that Lynwood provide additional details concerning Mr. Harrison's and Mr. Allen's work at Open Systems Information.  Please also provide additional information concerning Mr. Harrison's work at Fishbones Digital, LLC, the company with which he was employed less than two years ago in what appears to have been a similar role.

With respect to the engagements subject to confidentiality restrictions, Lynwood's March 13 email identifies certain companies for which its experts have not provided work or professional services in the past five years, but we note that Lynwood's list omits other significant competitors of F5, including Citrix, Broadcom (including VMware), Cisco, Check Point, and Radware.  Please confirm whether any of Lynwood's experts have provided work or professional services for these companies in the past five years.

We also asked Lynwood to identify which of the listed engagements subject to confidentiality restrictions are ongoing and which have concluded, because ongoing work may present greater competitive risk than closed matters.  Lynwood declined to provide that information during the call.  Please identify which of the listed engagements are ongoing and which have concluded.

Finally, during the meet and confer, when we asked you about the engagements that are allegedly subject to confidentiality restrictions, you stated you would check your "notes" and get back to us.  To the extent that Lynwood has any other information regarding these engagements, please provide that information.  Given that the experts were able to disclose that information to Lynwood's counsel notwithstanding the experts' confidentiality obligations to third parties, there should be no reason that same information cannot also be disclosed to us.  You are welcome to designate that information with an appropriate confidentiality designation under the Protective Order when you provide it to us.

As to the other comments in your email below, we do not see them as productive or a meaningful effort to resolve these issues.  We have been waiting over a month for Lynwood to provide the information necessary to evaluate whether Lynwood's request to disclose Defendants' Highly Confidential and Source Code information to Lynwood's proposed experts is appropriate.  Lynwood delayed for nearly three weeks before even providing resumes for three of its proposed experts, and as noted above those resumes lack important information about the ongoing employment of those three experts that raise significant competitive concerns. Any delay in the resolution of these issues has been entirely of Lynwood's making.  We urge Lynwood to promptly provide the information requested so that these issues can be resolved.

Regards,

Eric

**Eric Pai**

Partner

epai@mofo.com

T: +1 (650) 813-5623


Morrison Foerster

755 Page Mill Road

Palo Alto, CA 94304-1018


# IIIORRISON
# FOERSTER

mofo.com | LinkedIn

---

**From:** Christopher J. Major <cjm@msf-law.com>
**Sent:** Tuesday, March 17, 2026 11:48 AM
**To:** Pai, Eric C. <EPai@mofo.com>; Patricia Peden <patricia@warrenllp.com>
**Cc:** Jeffrey P. Weingart <jpw@msf-law.com>; Fox, Benjamin J. (LA Litigation) <Bfox@mofo.com>; Marciszewski, Mark D. <MMarciszewski@mofo.com>; Nguyen, Andrew Q. <AndrewNguyen@mofo.com>; Bruce W. Baber <bbaber@kslaw.com>; Shane Brun <sbrun@kslaw.com>; Alexander D. Pencu <adp@msf-law.com>; Austin D. Kim <adk@msf-law.com>; Marina Tarasova <mt@msf-law.com>; Jaime S. Israel <jsi@msf-law.com>; DeMarcus Williams <demarcus@warrenllp.com>; MoFoF5vLynwood <MoFoF5vLynwood@mofo.com>
**Subject:** RE: [EXT] Lynwood's Amended Expert Disclosures


**External Email**

---

Counsel for F5 Defendants:

We are also re-confirming that all the expert witness team members' non-governmental engagements for the past five years have been disclosed (i.e., the government engagements for Lynwood's expert team have been directly with the United States Government).

The other information and covenants you requested during the meet and confer are plainly not required by the Stipulated Protective Order and are only designed to delay and interfere with the prosecution of this case.

Lynwood maintains that is has fully satisfied its disclosure obligations under Section 7.4 of the Stipulated Protective Order.  Please confirm that our disclosed experts are approved under Section 7.4.  If we do not receive such confirmation by the close of business on March 18, 2026, we will proceed with an application to the Court.

Thanks,

Chris

Christopher J. Major, Esq.

Meister Seelig & Fein PLLC

(212) 655-3579

From: Pai, Eric C. <EPai@mofo.com>
Sent: Thursday, March 12, 2026 5:43 PM
To: Christopher J. Major <cjm@msf-law.com>; Patricia Peden <patricia@warrenllp.com>
Cc: Jeffrey P. Weingart <jpw@msf-law.com>; Fox, Benjamin J. (LA Litigation) <Bfox@mofo.com>; Marciszewski, Mark D. <MMarciszewski@mofo.com>; Nguyen, Andrew Q. <AndrewNguyen@mofo.com>; Bruce W. Baber <bbaber@kslaw.com>; Shane Brun <sbrun@kslaw.com>; Alexander D. Pencu <adp@msf-law.com>; Austin D. Kim <adk@msf-law.com>; Marina Tarasova <mt@msf-law.com>; Jaime S. Israel <jsi@msf-law.com>; DeMarcus Williams <demarcus@warrenllp.com>; MoFoF5vLynwood <MoFoF5vLynwood@mofo.com>
Subject: RE: [EXT] Lynwood's Amended Expert Disclosures

**CAUTION:** This is an external email. DO NOT click links or open attachments unless you can confirm the sender and know the content is safe.

Chris – it looks like the invite went only to Patty.  I will add you and your colleagues who are on this thread.  Feel free to forward it to anyone else who needs it.

**Eric Pai**

Partner

epai@mofo.com

T: +1 (650) 813-5623

Morrison Foerster

755 Page Mill Road

Palo Alto, CA 94304-1018

**IIIORRISON
FOERSTER**

mofo.com | LinkedIn

**From:** Christopher J. Major <cjm@msf-law.com>
**Sent:** Thursday, March 12, 2026 2:31 PM
**To:** Pai, Eric C. <EPai@mofo.com>; Patricia Peden <patricia@warrenllp.com>
**Cc:** Jeffrey P. Weingart <jpw@msf-law.com>; Fox, Benjamin J. (LA Litigation) <Bfox@mofo.com>; Marciszewski, Mark D. <MMarciszewski@mofo.com>; Nguyen, Andrew Q. <AndrewNguyen@mofo.com>; Bruce W. Baber <bbaber@kslaw.com>; Shane Brun <sbrun@kslaw.com>; Alexander D. Pencu <adp@msf-law.com>; Austin D. Kim <adk@msf-law.com>; Marina Tarasova <mt@msf-law.com>; Jaime S. Israel <jsi@msf-law.com>; DeMarcus Williams <demarcus@warrenllp.com>; MoFoF5vLynwood <MoFoF5vLynwood@mofo.com>
**Subject:** RE: [EXT] Lynwood's Amended Expert Disclosures

**External Email**

Eric:

We have not received a calendar invite yet for tomorrow's meet and confer. We are happy to send if you prefer.

In the meantime, we write in response to your email of March 9, 2026 regarding our expert disclosures pursuant to Section 7.4 of the Stipulated Protective Order. We maintain that the disclosures are adequate, and the F5 Defendants have not asserted any valid objection to our expert team or our expert team's disclosures. That said, we provide further information herein at your request in good faith to facilitate our meet and confer scheduled for Friday. You have requested this information in an effort to resolve the issues raised by the F5 Defendants. In the hope that the F5 Defendants will cooperate in good faith to resolve the issues and get the code inspection scheduled, we provide the following responses.

**In point 1 of your email**, the F5 Defendants accuse Lynwood of providing an insufficient description of the confidential engagements of Lynwood's expert team during the last five years. Your email acknowledges that the purpose of the disclosure is to allow a disclosing party to assess competitive concerns. We provide further disclosure regarding those several engagements within the realm of triggering potentially genuine questions about potential competitive concerns.

Referring to our supplemental disclosures, delivered via email on February 23, 2026, we further state for meet and confer purposes the following:



11

████████████████████████

██████████████████

████████████████████████████████

Picking up on your purported concern over competitive issues, and without agreeing that the Protective Order's restrictions about code inspection do not already overly protect against any such purported concerns, we provide a further affirmative statement for meet and confer purposes. Erik Laykin and his team have not received compensation or funding for work in his or her areas of expertise or provided professional services, including in connection with a litigation at any time during the preceding five years to: A10 Networks; Fortinet; Thales Group; Akamai; A2Secure; Amazon Web Services, Inc.; Baracuda; Cloudflare; Palo Alto Networks; or Juniper Networks. We identified these entities as listed by Gartner, Inc. and Global Data Plc as the top competitors of F5, Inc. Obviously, this statement is not required by the Protective Order. And Lynwood maintains that the F5 Defendants have no grounds for objecting under Section 7.4 of the Protective Order to Lynwood's experts reviewing material designated by the F5 Defendants. However, we include this statement in a good faith effort to meet and confer and prevent further undue delay of the code inspection.

**In point 2 of your email**, the F5 Defendants raise the concern about the disclosures of Messrs. Deyarmin, Harrison, and Allen. We can advise you that Messrs. Deyarmin, Harrison, and Allen have not provided services for commercial clients (other than the instant engagement for Lynwood), except that Mr. Harrison has provided services on behalf of GDR in connection with Mr. Laykin's engagement by clients 46, 56, 64, 80, 81, 82, 93, 102, 104, and 105 on Mr. Laykin's list.

**In point 3 of your email**, you assert that it is unclear whether classifications of potential testimony resulted in expert reports, deposition testimony or trial testimony. We confirm that references to potential testimony did not result in reports, deposition testimony, or trial testimony.

**In point 4 of your email**, you seek information regarding whether Lynwood's expert team remains engaged on any of the matters disclosed. The Stipulated Protective Order contains no such requirement. If, by your question, you are suggesting that concluded matters require no further inquiry by the F5 Defendants, please let us know and we will consider that in front of our meet and confer on Friday.

Regards,

12

Chris

Christopher J. Major, Esq.

Meister Seelig & Fein PLLC

(212) 655-3579

**From:** Pai, Eric C. <EPai@mofo.com>
**Sent:** Wednesday, March 11, 2026 9:08 PM
**To:** Patricia Peden <patricia@warrenllp.com>
**Cc:** Jeffrey P. Weingart <jpw@msf-law.com>; Fox, Benjamin J. (LA Litigation) <Bfox@mofo.com>; Marciszewski, Mark D. <MMarciszewski@mofo.com>; Nguyen, Andrew Q. <AndrewNguyen@mofo.com>; Bruce W. Baber <bbaber@kslaw.com>; Shane Brun <sbrun@kslaw.com>; Alexander D. Pencu <adp@msf-law.com>; Christopher J. Major <cjm@msf-law.com>; Austin D. Kim <adk@msf-law.com>; Marina Tarasova <mt@msf-law.com>; Jaime S. Israel <jsi@msf-law.com>; DeMarcus Williams <demarcus@warrenllp.com>; MoFoF5vLynwood <MoFoF5vLynwood@mofo.com>
**Subject:** RE: [EXT] Lynwood's Amended Expert Disclosures

**CAUTION:** This is an external email. DO NOT click links or open attachments unless you can confirm the sender and know the content is safe.

Patty,

I am sending you a calendar invite for that time. Again, if you can provide the missing information and clarifications requested in my email below before our call, that will facilitate the resolution of these issues.

Best,

Eric

**From:** Patricia Peden <patricia@warrenllp.com>
**Sent:** Wednesday, March 11, 2026 4:24 PM
**To:** Pai, Eric C. <EPai@mofo.com>
**Cc:** Jeffrey P. Weingart <jpw@msf-law.com>; Fox, Benjamin J. (LA Litigation) <Bfox@mofo.com>; Marciszewski, Mark D. <MMarciszewski@mofo.com>; Nguyen, Andrew Q. <AndrewNguyen@mofo.com>; Bruce W. Baber

<bbaber@kslaw.com>; Shane Brun <sbrun@kslaw.com>; Alexander D. Pencu <adp@msf-law.com>; Christopher J. Major <cjm@msf-law.com>; Austin D. Kim <adk@msf-law.com>; Marina Tarasova <mt@msf-law.com>; Jaime S. Israel <jsi@msf-law.com>; DeMarcus Williams <demarcus@warrenllp.com>; MoFoF5vLynwood <MoFoF5vLynwood@mofo.com>

**Subject:** Re: [EXT] Lynwood's Amended Expert Disclosures

<mark>External Email</mark>

Eric,

We would like to schedule the meet and confer for this Friday at 10:00 am PT.

Best,

Patty

On Wed, Mar 11, 2026 at 12:10 PM Pai, Eric C. <EPai@mofo.com> wrote:

> Patty,
>
> We are available this Friday between 10-11 am PT or between 2-3:30 pm PT. Let us know what works for you. If you can provide the missing information and clarifications requested in my email below before our call, that will facilitate the resolution of these issues.
>
> Best,
>
> Eric
>
> **From:** Patricia Peden <patricia@warrenllp.com>
> **Sent:** Tuesday, March 10, 2026 12:08 PM
> **To:** Pai, Eric C. <EPai@mofo.com>
> **Cc:** Jeffrey P. Weingart <jpw@msf-law.com>; Fox, Benjamin J. (LA Litigation) <Bfox@mofo.com>; Marciszewski, Mark D. <MMarciszewski@mofo.com>; Nguyen, Andrew Q. <AndrewNguyen@mofo.com>; Bruce W. Baber

14

<bbaber@kslaw.com>; Shane Brun <sbrun@kslaw.com>; Alexander D. Pencu <adp@msf-law.com>; Christopher J. Major <cjm@msf-law.com>; Austin D. Kim <adk@msf-law.com>; Marina Tarasova <mt@msf-law.com>; Jaime S. Israel <jsi@msf-law.com>; DeMarcus Williams <demarcus@warrenllp.com>; MoFoF5vLynwood <MoFoF5vLynwood@mofo.com>
**Subject:** Re: [EXT] Lynwood's Amended Expert Disclosures

<mark>External Email</mark>

---

Eric,

As provided for in Protective Order paragraph 7.4(c), please provide dates and times you are available this week to try to resolve these issues.

Best,

Patty

On Mon, Mar 9, 2026 at 7:58 PM Pai, Eric C. <EPai@mofo.com> wrote:

Counsel,

We write regarding Lynwood's amended expert disclosures.  Several aspects of the amended disclosures remain incomplete or insufficient to allow Defendants to evaluate whether Lynwood's request to disclose HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and HIGHLY CONFIDENTIAL – SOURCE CODE information to its proposed experts is appropriate, and thus we object to such disclosure.  In particular:

**1. Insufficient description of confidential engagements.**  Many of the disclosures listed as "Engagements Subject to Confidentiality Restrictions" provide only generalized one-line descriptions without any information about the nature of the work or the areas of technology involved.  We need sufficient information to evaluate potential conflicts and competitive concerns.  As drafted, the descriptions are too vague to permit that assessment.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ That description gives no indication of the nature of the intellectual property involved or the areas of technology in which the company does business.  Mr. Laykin's list contains over a dozen other entries that refer to "intellectual property" and/or a "technology company" in similarly vague terms.  And the descriptions for Mr. Harrison and Mr. Allen contain even less information.  Without more information, Defendants cannot assess whether such engagements involve areas of technologies related to this case (e.g., web servers, web server software, or related technologies and

15

infrastructure), companies that are potential competitors with respect to the areas of Highly Confidential information to which Lynwood's experts seek access, or otherwise present potential competitive concerns. Please provide sufficient information about the nature of these engagements to permit that evaluation.

**2. Missing identification of clients to whom services were provided through concurrent/other employers.** The resumes for Mr. Deyarmin, Mr. Harrison, and Mr. Allen indicate that each of them is currently employed and/or was employed within the past five years by at least one consulting or professional services company other than Global Data Risk LLC. Yet their disclosures do not identify the clients to whom services were provided through those companies.

For example, Mr. Deyarmin's resume states that he is currently employed by Mahlet Consulting, Inc. (in addition to Global Data Risk LLC) and that he was employed by Chiron Technology Services, Inc. within the past five years. Lynwood's disclosure simply lists the name of these two consulting/professional services companies, but they do not identify any of Mr. Deyarmin's clients from his time with Mahlet Consulting, Inc. and Chiron Technology Services, Inc. Please correct this deficiency so that we have a complete disclosure from which to evaluate Lynwood's request.

The disclosures for Mr. Harrison and Mr. Allen are similarly deficient. Each of them appears to hold or have held employment with other consulting or professional services companies within the past five years, but their disclosures do not identify any of their clients from their time with those companies. Please provide that information for Mr. Harrison and Mr. Allen as well.

**3. Confidential engagements and prior testimony disclosures.** The disclosures reference numerous confidential matters involving "consultation regarding potential testimony," but it is unclear whether those engagements resulted in expert reports, deposition testimony, or trial testimony within the applicable disclosure period. To the extent any proposed expert has testified or submitted expert reports during that period, please identify those matters consistent with the disclosure requirements.

**4. Ongoing engagements.** The amended disclosures do not clearly indicate whether any of the listed consulting or advisory engagements remain ongoing. Because ongoing relationships may be especially significant with respect to Protective Order concerns, please confirm which engagements (if any) remain active.

Please provide the missing information and clarifications requested above. After we have received this information, we are available to meet and confer as needed to resolve any remaining issues.


Best,

Eric


---

From: Jeffrey P. Weingart <jpw@msf-law.com>
Sent: Monday, February 23, 2026 1:01 PM
To: Pai, Eric C. <EPai@mofo.com>; MoFoF5vLynwood <MoFoF5vLynwood@mofo.com>; Fox, Benjamin J. (LA Litigation) <Bfox@mofo.com>; Marciszewski, Mark D. <MMarciszewski@mofo.com>; Nguyen, Andrew Q. <AndrewNguyen@mofo.com>; Bruce W. Baber <bbaber@kslaw.com>; Shane Brun <sbrun@kslaw.com>
Cc: Alexander D. Pencu <adp@msf-law.com>; Christopher J. Major <cjm@msf-law.com>; Patricia Peden

<patricia@warrenllp.com>; Austin D. Kim <adk@msf-law.com>; Marina Tarasova <mt@msf-law.com>; Jaime S. Israel <jsi@msf-law.com>; DeMarcus Williams <demarcus@warrenllp.com>
**Subject:** [EXT] Lynwood's Amended Expert Disclosures

Counsel:

Attached are Lynwood's Amended Expert Disclosures, pursuant to Section 7.4 of the Protective Order.

These Amended Expert Disclosures are designated as Confidential – Subject to Protective Order.

Regards,

Jeff



**Jeffrey Weingart**

Of Counsel

Meister Seelig & Fein PLLC

125 Park Avenue  |  7th Floor  |  New York, NY  |  10017

www.meisterseelig.com

Direct  212.655.3516  |  Firm 212.655.3500  |  Fax 646.564.4864  |  jpw@msf-law.com

vCard  |  Bio  |  MSF Web Site

17

IMPORTANT NOTICES: NOTICE UNDER E-SIGN ACT: Unless specifically set forth herein, the transmission of this communication is not intended to be a legally binding electronic signature, and no offer, commitment or assent on behalf of the sender or its client is expressed or implied by the sending of this email, or any attachments hereto. NOTICE OF ATTORNEY'S CONFIDENTIALITY: The material submitted herewith contains, and is intended to be a confidential transmission of information or documents from MEISTER SEELIG & FEIN PLLC which is legally privileged. The materials or information enclosed are intended only for the use of the individual or entity named in this transmission. If you are not the intended recipient, any disclosure, copying, distribution or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this email transmission in error, please notify us by telephone immediately, so that we can arrange for the return of the original documents to us at our cost.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

19