# EXHIBIT

# A

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All Documents and Communications concerning any agreements, contracts, and/or statements of work between any of the Defendants and Jet-Stream.

**RESPONSE TO REQUEST NO. 1:**

The F5 Defendants will produce non-privileged contracts and statements of work from January 1, 2008 to December 31, 2012 that are responsive to this Request and that relate to whether any NGINX Plus code was written by Sysoev or other former Rambler employees during their employment by Rambler before the end of 2011, if any, to the extent they exist and can be located through a reasonably diligent search.

To the extent this Request requests anything other than what the F5 Defendants have agreed to produce: The F5 Defendants object to this Request to the extent that it is outside the scope of Phase One discovery in violation of the Court's order. (See ECF No. 211.) The F5 Defendants also object to this Request for "[a]ll Documents and Communications concerning" as overbroad, unduly burdensome, and disproportionate to the needs of the case, including on the grounds that it seeks information and documents that are not relevant to a party's claims or defenses. The F5 Defendants object to the undefined term "agreements" as vague and ambiguous. The F5 Defendants object to the extent this Request seeks documents not within the possession, custody, or control of the F5 Defendants, but rather within the possession, custody, or control of the individual Defendants or entities outside of F5's control. The F5 Defendants further object that the Request seeks documents that may be protected from disclosure by third-party rights of privacy or confidentiality. The F5 Defendants further object to the extent that this Request seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or any other privilege or immunity.

**REQUEST NO. 2:**

All Documents and Communications concerning software, products, and/or work product provided to Jet-Stream by any of the Defendants.

**RESPONSE TO REQUEST NO. 2:**

The F5 Defendants will produce non-privileged documents that are responsive to this Request, relate to whether any NGINX Plus code was written by Sysoev or other former Rambler employees during their employment by Rambler before the end of 2011, and that can be located through a reasonably diligent search, for documents created or received between January 1, 2008 and December 31, 2012. The F5 Defendants expect to negotiate with Plaintiff's counsel the search terms and custodians to be applied to any search for emails or other non-custodial documents.

To the extent this Request requests anything other than what the F5 Defendants have agreed to produce: The F5 Defendants object to this Request to the extent that it is outside the scope of Phase One discovery in violation of the Court's order. (See ECF No. 211.) The F5 Defendants also object to this Request for "[a]ll Documents and Communications concerning" as overbroad, unduly burdensome, and disproportionate to the needs of the case, including on the grounds that it seeks information and documents that are not relevant to a party's claims or defenses. The F5 Defendants object to the extent this Request seeks documents not within the possession, custody, or control of the F5 Defendants, but rather within the possession, custody, or control of the individual Defendants or entities outside of F5's control. The F5 Defendants further object that the Request seeks documents that may be protected from disclosure by third-party rights of privacy or confidentiality. The F5 Defendants further object to the extent that this Request seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or any other privilege or immunity.

**REQUEST NO. 3:**

All Documents and Communications concerning any services (including software engineering, design, development, testing, implementation, maintenance, and/or support services) provided to Jet-Stream by any of the Defendants.

**RESPONSE TO REQUEST NO. 3:**

The F5 Defendants will produce non-privileged documents that are responsive to this

Request, relate to whether any NGINX Plus code was written by Sysoev or other former Rambler employees during their employment by Rambler before the end of 2011, and that can be located through a reasonably diligent search, for documents created or received between January 1, 2008 and December 31, 2012.  The F5 Defendants expect to negotiate with Plaintiff's counsel the search terms and custodians to be applied to any search for emails or other non-custodial documents.

To the extent this Request requests anything other than what the F5 Defendants have agreed to produce: The F5 Defendants object to this Request to the extent that it is outside the scope of Phase One discovery in violation of the Court's order. (See ECF No. 211.)  The F5 Defendants also object to this Request for "[a]ll Documents and Communications concerning" as overbroad, unduly burdensome, and disproportionate to the needs of the case, including on the grounds that it seeks information and documents that are not relevant to a party's claims or defenses.  The F5 Defendants object to the extent this Request seeks documents not within the possession, custody, or control of the F5 Defendants, but rather within the possession, custody, or control of the individual Defendants or entities outside of F5's control.  The F5 Defendants further object that the Request seeks documents that may be protected from disclosure by third-party rights of privacy or confidentiality.  The F5 Defendants further object to the extent that this Request seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or any other privilege or immunity.

**REQUEST NO. 4:**

All Documents and Communications concerning the design and development of software for Jet-Stream or Jet-Stream's customers by any of the Defendants in 2010 or 2011.

**RESPONSE TO REQUEST NO. 4:**

The F5 Defendants will produce non-privileged documents that are responsive to this Request, relate to whether any NGINX Plus code was written by Sysoev or other former Rambler employees during their employment by Rambler before the end of 2011, and that can be located through a reasonably diligent search, for documents created or received between January 1, 2008

and December 31, 2012.  The F5 Defendants expect to negotiate with Plaintiff's counsel the search terms and custodians to be applied to any search for emails or other non-custodial documents.

To the extent this Request requests anything other than what the F5 Defendants have agreed to produce: The F5 Defendants object to this Request to the extent that it is outside the scope of Phase One discovery in violation of the Court's order. (See ECF No. 211.)  The F5 Defendants also object to this Request for "[a]ll Documents and Communications concerning" as overbroad, unduly burdensome, and disproportionate to the needs of the case, including on the grounds that it seeks information and documents that are not relevant to a party's claims or defenses.  The F5 Defendants object to the undefined term "Jet-Stream's customers" as vague and ambiguous.  The F5 Defendants object to the extent this Request seeks documents not within the possession, custody, or control of the F5 Defendants, but rather within the possession, custody, or control of the individual Defendants or entities outside of F5's control.  The F5 Defendants further object that the Request seeks documents that may be protected from disclosure by third-party rights of privacy or confidentiality.  The F5 Defendants further object to the extent that this Request seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or any other privilege or immunity.

**REQUEST NO. 5:**

All Documents and Communications concerning consulting and/or development services provided by any of the Defendants to Jet-Stream in 2010 or 2011.

**RESPONSE TO REQUEST NO. 5:**

The F5 Defendants will produce non-privileged documents that are responsive to this Request, relate to whether any NGINX Plus code was written by Sysoev or other former Rambler employees during their employment by Rambler before the end of 2011, and that can be located through a reasonably diligent search, for documents created or received between January 1, 2008 and December 31, 2012.  The F5 Defendants expect to negotiate with Plaintiff's counsel the search terms and custodians to be applied to any search for emails or other non-custodial

documents.

To the extent this Request requests anything other than what the F5 Defendants have agreed to produce: The F5 Defendants object to this Request to the extent that it is outside the scope of Phase One discovery in violation of the Court's order. (See ECF No. 211.)  The F5 Defendants also object to this Request for "[a]ll Documents and Communications concerning" as overbroad, unduly burdensome, and disproportionate to the needs of the case, including on the grounds that it seeks information and documents that are not relevant to a party's claims or defenses.  The F5 Defendants object to the extent this Request seeks documents not within the possession, custody, or control of the F5 Defendants, but rather within the possession, custody, or control of the individual Defendants or entities outside of F5's control.  The F5 Defendants further object that the Request seeks documents that may be protected from disclosure by third-party rights of privacy or confidentiality.  The F5 Defendants further object to the extent that this Request seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or any other privilege or immunity.

**REQUEST NO. 6:**

All invoices issued by any of the Defendants to Jet-Stream for services rendered in 2010 or 2011.

**RESPONSE TO REQUEST NO. 6:**

The F5 Defendants will produce non-privileged invoices that are responsive to this Request and that relate to whether any NGINX Plus code was written by Sysoev or other former Rambler employees during their employment by Rambler before the end of 2011, if any, to the extent they exist and can be located through a reasonably diligent search.

To the extent this Request requests anything other than what the F5 Defendants have agreed to produce: The F5 Defendants object to this Request to the extent that it is outside the scope of Phase One discovery in violation of the Court's order. (See ECF No. 211.)  The F5 Defendants object to the extent this Request seeks documents not within the possession, custody, or control of the F5 Defendants, but rather within the possession, custody, or control of the

**REQUEST NO. 8:**

All computer software in both source code and object code form used by Jet-Stream that was developed by, or on behalf of, or with the assistance of, any of the Defendants, in whole or in part, in 2010 or 2011.

**RESPONSE TO REQUEST NO. 8:**

The F5 Defendants have already agreed to make available for in-person inspection by Plaintiff's counsel or Plaintiff's designated expert the source code and object code for NGINX Plus, pursuant to the inspection protocol set forth in the Protective Order. To the extent that any other source code or object code responsive to this Request that became part of NGINX Plus can be located through a reasonably diligent search, the F5 Defendants will make it available for in-person inspection by Plaintiff's counsel or Plaintiff's designated expert, pursuant to the inspection protocol set forth in the Protective Order.

To the extent this Request requests anything other than what the F5 Defendants have agreed to produce: The F5 Defendants object to this Request to the extent that it is outside the scope of Phase One discovery in violation of the Court's order. (See ECF No. 211.) The F5 Defendants object to the extent this Request seeks computer software not within the possession, custody, or control of the F5 Defendants, but rather within the possession, custody, or control of the individual Defendants or entities outside of F5's control. The F5 Defendants further object that the Request seeks documents that may be protected from disclosure by third-party rights of privacy or confidentiality. The F5 Defendants further object to the extent that this Request seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or any other privilege or immunity.

**REQUEST NO. 9:**

All Communications with Jet-Stream in 2010 or 2011 concerning proprietary, non-open source custom modules and/or extensions of Open Source NGINX.

**RESPONSE TO REQUEST NO. 9:**

The F5 Defendants will produce non-privileged documents that are responsive to this Request, relate to whether any NGINX Plus code was written by Sysoev or other former Rambler

employees during their employment by Rambler before the end of 2011, and that can be located through a reasonably diligent search, for documents created or received between January 1, 2010 and December 31, 2011. The F5 Defendants expect to negotiate with Plaintiff's counsel the search terms and custodians to be applied to any search for emails or other non-custodial documents.

To the extent this Request requests anything other than what the F5 Defendants have agreed to produce: The F5 Defendants object to this Request to the extent that it is outside the scope of Phase One discovery in violation of the Court's order. (See ECF No. 211.) The F5 Defendants also object to this Request for "[a]ll Communications" as overbroad, unduly burdensome, and disproportionate to the needs of the case, including on the grounds that it seeks information and documents that are not relevant to a party's claims or defenses. The F5 Defendants further object that the Request seeks documents that may be protected from disclosure by third-party rights of privacy or confidentiality. The F5 Defendants further object to the extent that this Request seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or any other privilege or immunity.

**REQUEST NO. 10:**

All Documents and Communications concerning the "proprietary extensions and additional controls" referenced in the press release dated November 21, 2011, attached as Exhibit A hereto.

**RESPONSE TO REQUEST NO. 10:**

The F5 Defendants will produce non-privileged documents that are responsive to this Request, relate to whether any NGINX Plus code was written by Sysoev or other former Rambler employees during their employment by Rambler before the end of 2011, and that can be located through a reasonably diligent search, for documents created or received between January 1, 2008 and December 31, 2012. The F5 Defendants expect to negotiate with Plaintiff's counsel the search terms and custodians to be applied to any search for emails or other non-custodial documents.

To the extent this Request requests anything other than what the F5 Defendants have agreed to produce: The F5 Defendants object to this Request to the extent that it is outside the scope of Phase One discovery in violation of the Court's order. (See ECF No. 211.)  The F5 Defendants also object to this Request for "[a]ll Documents and Communications concerning" as overbroad, unduly burdensome, and disproportionate to the needs of the case, including on the grounds that it seeks information and documents that are not relevant to a party's claims or defenses.  The F5 Defendants object to the extent this Request seeks documents not within the possession, custody, or control of the F5 Defendants, but rather within the possession, custody, or control of the individual Defendants or entities outside of F5's control.  The F5 Defendants further object that the Request seeks documents that may be protected from disclosure by third-party rights of privacy or confidentiality.  The F5 Defendants further object to the extent that this Request seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or any other privilege or immunity.

**REQUEST NO. 11:**

All Documents and Communications concerning the "commercial extensions" referenced in the following sentence in the press release dated November 21, 2011 attached as Exhibit A hereto: "For its part, NGINX will provide additional commercial extensions to its open source product to fine-tune NGINX edge notes for the CDN environment."

**RESPONSE TO REQUEST NO. 11:**

The F5 Defendants will produce non-privileged documents that are responsive to this Request, relate to whether any NGINX Plus code was written by Sysoev or other former Rambler employees during their employment by Rambler before the end of 2011, and that can be located through a reasonably diligent search, for documents created or received between January 1, 2008 and December 31, 2012.  The F5 Defendants expect to negotiate with Plaintiff's counsel the search terms and custodians to be applied to any search for emails or other non-custodial documents.

To the extent this Request requests anything other than what the F5 Defendants have

agreed to produce: The F5 Defendants object to this Request to the extent that it is outside the scope of Phase One discovery in violation of the Court's order. (See ECF No. 211.)  The F5 Defendants also object to this Request for "[a]ll Documents and Communications concerning" as overbroad, unduly burdensome, and disproportionate to the needs of the case, including on the grounds that it seeks information and documents that are not relevant to a party's claims or defenses.  The F5 Defendants further object that the Request seeks documents that may be protected from disclosure by third-party rights of privacy or confidentiality.  The F5 Defendants further object to the extent that this Request seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or any other privilege or immunity.

**REQUEST NO. 12:**

All Communications with Jet-Stream in 2010 or 2011 concerning computer software that ever became part of NGINX Plus.

**RESPONSE TO REQUEST NO. 12:**

The F5 Defendants will produce non-privileged documents that are responsive to this Request, relate to whether any NGINX Plus code was written by Sysoev or other former Rambler employees during their employment by Rambler before the end of 2011, and that can be located through a reasonably diligent search, for documents created or received between January 1, 2010 and December 31, 2011.  The F5 Defendants expect to negotiate with Plaintiff's counsel the search terms and custodians to be applied to any search for emails or other non-custodial documents.

To the extent this Request requests anything other than what the F5 Defendants have agreed to produce: The F5 Defendants object to this Request to the extent that it is outside the scope of Phase One discovery in violation of the Court's order. (See ECF No. 211.)  The F5 Defendants also object to this Request for "[a]ll Communications" as overbroad, unduly burdensome, and disproportionate to the needs of the case, including on the grounds that it seeks information and documents that are not relevant to a party's claims or defenses.  The F5 Defendants further object that the Request seeks documents that may be protected from disclosure

by third-party rights of privacy or confidentiality.  The F5 Defendants further object to the extent that this Request seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or any other privilege or immunity.

**REQUEST NO. 13:**

All Documents concerning computer software, which ever became part of NGINX Plus, that was delivered to Jet-Stream or Jet-Stream's customers by any of the Defendants in 2010 or 2011.

**RESPONSE TO REQUEST NO. 13:**

The F5 Defendants will produce non-privileged documents that are responsive to this Request, relate to whether any NGINX Plus code was written by Sysoev or other former Rambler employees during their employment by Rambler before the end of 2011, and that can be located through a reasonably diligent search, for documents created or received between January 1, 2008 and December 31, 2012.  The F5 Defendants expect to negotiate with Plaintiff's counsel the search terms and custodians to be applied to any search for emails or other non-custodial documents.

To the extent this Request requests anything other than what the F5 Defendants have agreed to produce: The F5 Defendants object to this Request to the extent that it is outside the scope of Phase One discovery in violation of the Court's order. (See ECF No. 211.)  The F5 Defendants also object to this Request for "[a]ll Documents concerning" as overbroad, unduly burdensome, and disproportionate to the needs of the case, including on the grounds that it seeks information and documents that are not relevant to a party's claims or defenses.  The F5 Defendants object to the undefined term "Jet-Stream's customers" as vague and ambiguous.  The F5 Defendants object to the extent this Request seeks documents not within the possession, custody, or control of the F5 Defendants, but rather within the possession, custody, or control of the individual Defendants or entities outside of F5's control.  The F5 Defendants further object that the Request seeks documents that may be protected from disclosure by third-party rights of privacy or confidentiality.  The F5 Defendants further object to the extent that this Request seeks

information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or any other privilege or immunity.

**REQUEST NO. 14:**

All computer software developed for, or delivered to, Jet-Stream, by any of the Defendants, in 2010 or 2011, that provided functionality related to video streaming, caching, URL session tracking and logging, blocking access to content dynamically, frustration of third-party caches, changing URLs on the fly, provision of detailed server performance metrics in real time, application health checks, live active monitoring, advanced load balancing, on-the-fly reconfiguration of load-balanced upstream groups, extended logging capabilities, high availability setup, adaptive media streaming, and/or user dashboard to display real-time application status and health-check information.

**RESPONSE TO REQUEST NO. 14:**

The F5 Defendants have already agreed to make available for in-person inspection by Plaintiff's counsel or Plaintiff's designated expert the source code and object code for NGINX Plus, pursuant to the inspection protocol set forth in the Protective Order.  To the extent that any other source code or object code responsive to this Request that became part of NGINX Plus can be located through a reasonably diligent search, the F5 Defendants will make it available for in-person inspection by Plaintiff's counsel or Plaintiff's designated expert, pursuant to the inspection protocol set forth in the Protective Order.

To the extent this Request requests anything other than what the F5 Defendants have agreed to produce: The F5 Defendants object to this Request to the extent that it is outside the scope of Phase One discovery in violation of the Court's order. (See ECF No. 211.)  The F5 Defendants object to the extent this Request seeks computer software not within the possession, custody, or control of the F5 Defendants, but rather within the possession, custody, or control of the individual Defendants or entities outside of F5's control.  The F5 Defendants further object that the Request seeks documents that may be protected from disclosure by third-party rights of privacy or confidentiality.  The F5 Defendants further object to the extent that this Request seeks information that is protected from disclosure by the attorney-client privilege, the work product

doctrine, the common interest or joint defense privilege, or any other privilege or immunity.

**REQUEST NO. 15:**

All Communications between any of the Defendants and Jet-Stream in 2010 or 2011.

**RESPONSE TO REQUEST NO. 15:**

The F5 Defendants will produce non-privileged documents that are responsive to this Request, relate to whether any NGINX Plus code was written by Sysoev or other former Rambler employees during their employment by Rambler before the end of 2011, and that can be located through a reasonably diligent search, for documents created or received between January 1, 2010 and December 31, 2011. The F5 Defendants expect to negotiate with Plaintiff's counsel the search terms and custodians to be applied to any search for emails or other non-custodial documents.

To the extent this Request requests anything other than what the F5 Defendants have agreed to produce: The F5 Defendants object to this Request to the extent that it is outside the scope of Phase One discovery in violation of the Court's order. (See ECF No. 211.) The F5 Defendants also object to this Request for "[a]ll Communications" as overbroad, unduly burdensome, and disproportionate to the needs of the case, including on the grounds that it seeks information and documents that are not relevant to a party's claims or defenses. The F5 Defendants object to the extent this Request seeks documents not within the possession, custody, or control of the F5 Defendants, but rather within the possession, custody, or control of the individual Defendants or entities outside of F5's control. The F5 Defendants further object that the Request seeks documents that may be protected from disclosure by third-party rights of privacy or confidentiality. The F5 Defendants further object to the extent that this Request seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or any other privilege or immunity.