United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LYNWOOD INVESTMENTS CY LIMITED,

Plaintiff,

v.

MAXIM KONOVALOV, et al.,

Defendants.

Case No. 20-cv-03778-MMC   (KAW)

**ORDER RE 3/24/2026 DISCOVERY LETTER**

Re: Dkt. No. 287

[Discovery Letter No. 3]

The sole claim in this case is Plaintiff's copyright claim based upon the NGINX Plus software code, which was allegedly developed by individual Defendants when employed at Rambler Internet Holding LLC in Russia. (*See* Second Amend. Compl. ("SAC") ¶ 1.) The current phase of discovery is limited to whether the NGINX Plus code was written by Defendant Sysoev or other former Rambler employees before the end of 2011. (Dkt. No. 211.) Pending before the Court is the parties' discovery letter concerning: (1) Plaintiff's proposed search terms, and (2) Defendants' responses to Plaintiff's Requests for Production ("RFPs"). (Discovery Letter, Dkt. No. 287.)

As an initial matter, the Court observes that the discovery letter fails to comply with its Civil Standing Order. Specifically, the Court lays out a specific format at Paragraph 14(d), which the parties did not follow. Going forward, the parties shall ensure full compliance with the Court's Civil Standing Order.

### A.    Search Terms

First, the parties dispute whether Defendants should be required to use Plaintiff's proposed 154 search terms. (Discovery Letter at 4.) Plaintiffs assert that 13 proposed search terms resulted in 28,550 unique hits out of 89,987 documents, while Defendants assert that those search terms

resulted in 89,893 hits out of 89,987 documents.  (Discovery Letter at 4, 6.)  The remaining search terms returned 485,609 out of 952,870 documents, although the parties dispute whether the results were de-duplicated.  (Discovery Letter at 4, 6.)  The parties also appear to dispute how many custodians should be at issue.

Ultimately, the information provided by the parties is insufficient to allow the Court to resolve the dispute with any specificity.  For example, Plaintiff does not provide the discovery requests, search terms, or proposed custodians at issue, let alone explain why these requests, search terms, or proposed custodians are appropriate.  Given the lack of such information, the Court finds Plaintiff has not met its burden of showing that its requested search parameters are proportionate to the needs of this case.

At the same time, it is not apparent to the Court that Defendants have satisfied their duty to provide discovery.  For example, Defendants complain that Plaintiff is not permitted to impose broad search terms, yet it is not clear Defendants have searched using their own terms either.  (*See* Discovery Letter at 6.)  Indeed, while Defendants point to their proposal of revised terms that result in 174,475 unique documents, Defendants do not dispute that they provided these revised terms to Plaintiff "11 minutes before [Defendants] sent its draft half of this letter."  (Discovery Letter at 5, 7.)  This is particularly concerning given that Plaintiff provided search terms in September 2025.  (Discovery Letter at 4.)

To be clear, the Court has **no** intention of reviewing 154 search terms in order to determine if they are all reasonable, nor does the Court intend to determine whether each and every custodian and RFP is appropriate.[1]  *See Doe v. Kaiser Found. Health Plan, Inc.*, No. 23-cv-02865-EMC (PHK), 2024 U.S. Dist. LEXIS 115036, at *14 (N.D. Cal. June 28, 2024) ("the Court is frankly flabbergasted that counsel were unable to engage in the normal negotiations over search terms that litigators nationwide engage in as a matter of course").  Rather, the parties are directed to the district's ESI Guidelines, particularly Guideline 2.02 regarding meeting and conferring.  (*See* https://cand.uscourts.gov/rules-forms-fees/northern-district-guidelines/e-discovery-esi-guidelines-

---

[1] If the parties are unable to identify basic search parameters, the parties may find it appropriate to request the appointment of a special master to resolve their discovery disputes.

United States District Court
Northern District of California

model-stipulated-orders.)  These Guidelines "emphasize the importance of cooperation in e-discovery precisely because the negotiation of custodians, ESI sources, and/or search terms is an iterative process." *Matsko v. Tesla, Inc.*, No. 22-cv-05240-RFL (DMR), 2025 U.S. Dist. LEXIS 75035, at *13 (N.D. Cal. Apr. 18, 2025).  For example, there is no reason why Defendants should not immediately run their proposed search terms, review the results, and produce the responsive documents.  If Plaintiff then believes those resulting documents are insufficient, the parties should meet and confer as to whether an expanded search is appropriate and what additional search terms may be warranted.  Only if the parties are truly unable to come to a resolution regarding specific search terms should a discovery letter be necessary; at that point, the parties will need to fully analyze the Rule 26(b)(1) factors, with Plaintiff explaining precisely why such terms are necessary and Defendants substantiating any claim of irrelevance by explaining how it validated its review process, as well as substantiating any burden it claims for the review process.  *See id.* at *14.

**B.    RFP Nos. 33 and 34**

The parties dispute whether Defendants should be required to produce responses to RFP Nos. 33 and 34.  Plaintiff asserts that these RFPs concern the profit motive of individual Defendants.  (Discovery Letter at 5.)  Defendants respond that payments are not at issue in this phase of discovery, and that these RFPs go to damages.  (*Id.* at 8.)

Neither party provides the RFPs, so the Court does not know what these RFPs actually request.  Without knowing what the RFPs actually request, the Court cannot require production.  That said, to the extent the RFPs concern damages and "profit motive," this appears to be outside the scope of the current phase of discovery.

**C.    RFP Nos. 81, 88, and 89**

The parties dispute whether Defendants should be required to produce responses to RFP Nos. 81, 88, and 89.  Plaintiff asserts that these RFPs concern the removal and destruction of Rambler servers and equipment, which were the original repositories of the proprietary code.  (Discovery Letter at 6.)  Defendant responds that it has not found any responsive documents based on a reasonably diligent search.  (Discovery Letter at 8.)

Again, neither party provides the RFPs, so the Court does not know what these RFPs

actually request.  Regardless, Plaintiff asserts Defendants have refused to conduct a search, while Defendants state that they have conducted a reasonably diligent search.  (Discovery Letter at 6, 8.) The Court will not presume that Defendants' counsel is making misrepresentations in a court filing, and the Court cannot order production of documents that do not appear to exist.

This order disposes of Dkt. No. 287.

IT IS SO ORDERED.

Dated: April 3, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California