UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LYNWOOD INVESTMENTS CY LIMITED,

Plaintiff,

v.

MAXIM KONOVALOV, et al.,

Defendants.

Case No. 20-cv-03778-MMC   (KAW)

**ORDER RE 3/30/2026 DISCOVERY LETTER**

Re: Dkt. No. 291

[Discovery Letter No. 4]

The sole claim in this case is Plaintiff's copyright claim based upon the NGINX Plus software code, which was allegedly developed by individual Defendants when employed at Rambler Internet Holding LLC in Russia. (*See* Second Amend. Compl. ("SAC") ¶ 1.) The current phase of discovery is limited to whether the NGINX Plus code was written by Defendant Sysoev or other former Rambler employees before the end of 2011. (Dkt. No. 211.) Pending before the Court is the parties' discovery letter concerning Plaintiff's Requests for Production ("RFPs"), which seek discovery from Defendants regarding Jet-Stream, B.V. ("Jet-Stream"), an early customer of NGINX, Inc. (Discovery Letter at 1, Dkt. No. 291.)

**A.    RFP Nos. 8 and 14**

RFP No. 8 seeks all source and object code used by Jet-Stream that was developed by, on behalf of, or with the assistance of Defendants in 2010 or 2011. (Discovery Letter at 1.) RFP No. 14 seeks all computer software developed for or delivered to Jet-Stream by Defendants in 2010 and 2011 that provide specific functionalities appearing in the NGINX Plus releases. (*Id.*) Defendants state they are willing to make code available so long as that code "became part of NGINX Plus." (*Id.*)

The Court finds Defendants' response sufficient. Again, the current phase of discovery is

limited to whether the NGINX Plus code was written by Defendants before the end of 2011. Plaintiff's RFPs go outside this scope by seeking *all* source and object code or computer software, regardless of whether it became part of the NGINX Plus code.

Plaintiff complains that Defendants should not be permitted to determine what counts as NGINX Plus code. (Discovery Letter at 1.) As a general matter, however, "the responding party is the one best situated to decide how to search for and produce [documents] responsive to discovery requests." *In re Viagra (Sildenafil Citrate) Prods. Liab. Litig.*, No. 16-md-02691-RS (SK), 2016 U.S. Dist. LEXIS 144925, at *51-52 (N.D. Cal. Oct. 14, 2016); *see also United States v. Cal. Inst. of Tech.*, No. CV 18-5964 CAS (RAOx), 2020 U.S. Dist. LEXIS 266371, at *21 (C.D. Cal. Nov. 18, 2020) ("the responding party may search its own records to produce the required, relevant data"). To the extent Plaintiff suggests there is a dispute over what code became part of NGINX Plus code, Defendants point out that the question was never about *what* comprises the NGINX Plus code, but *when* it was developed. (*Id.* at 1, 4-5.) Thus, Defendants are "not unilaterally deciding what became part of NGINX Plus," particularly when they have "made the entire universe of code for all NGINX Plus releases available for inspection and produced all development document repositories for NGINX Plus." (*Id.* at 4.) In other words, what comprises of NGINX Plus "is determined by the NGINX Plus source repository." (*Id.* at 5.) Further, Defendants point out that the parties have been able to agree to the definition of "NGINX Plus" with respect to other similar requests. (*Id.* at 1, 5.) It is therefore not apparent why Plaintiff is now suggesting there is a dispute over what the NGINX Plus code is.

Accordingly, to the extent RFP Nos. 8 and 14 seek discovery of code outside of what became part of NGINX Plus, this falls outside the scope of Phase 1 discovery. This finding is consistent with the Court's prior order granting Plaintiff's motion to compel source code from third-party Netflix, as the Court only permitted "discovery of NGINX Plus source code provided by Defendants to Netflix, *to the extent that it reflects NGINX Plus code developed by the end of 2011*." (Discovery Order at 10, Dkt. No. 252 (emphasis added).) Plaintiff has not made a specific showing that more is needed.

**B.    RFP Nos. 2-5, 9-13, and 15**

RFP Nos. 2-5, 9-13, and 15 likewise seek documents and communications software, products, and services provided by Defendants to Jet-Stream, regardless of whether it is related to any NGINX Plus code written by Defendants before 2011.  (Discovery Letter at 2.)  Again, Defendants state they are willing to provide documents that are related to NGINX Plus code, while Plaintiff complains that Defendant is unilaterally deciding whether a communication relates to Phase 1 discovery.  Plaintiff argues that they are entitled to any discovery that bears on Phase 1, but fail to explain why discovery of documents not related to NGINX Plus code would be relevant to any issue in this case, such as documents related to code or services that ultimately had nothing to do with NGINX Plus code.  Thus, Plaintiff again fails to make a specific showing that more than what Defendants have agreed to produce is needed.

In short, the scope of the current phase of discovery is limited, and Plaintiff's discovery requests need to be limited accordingly.

This order disposes of Dkt. No. 291.

IT IS SO ORDERED.

Dated: April 7, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

3