UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNWOOD INVESTMENTS CY LIMITED,<br><br>                    Plaintiff,<br><br>          v.<br><br>MAXIM KONOVALOV, et al.,<br><br>                    Defendants. | Case No.  20-cv-03778-MMC   (KAW)<br><br>**ORDER REGARDING 6/22/2026 DISCOVERY LETTER**<br><br>Re: Dkt. No. 302<br><br>[Discovery Letter No. 6] |

The sole claim in this case is Plaintiff's copyright claim based upon the NGINX Plus software code, which was allegedly developed by individual Defendants when employed at Rambler Internet Holding LLC in Russia.  (*See* Second Amend. Compl. ("SAC") ¶ 1.)  The current phase of discovery is limited to whether the NGINX Plus code was written by Defendant Sysoev or other former Rambler employees before the end of 2011.  (Dkt. No. 211.)  Pending before the Court is Plaintiff and F5 Defendants' discovery letter concerning Plaintiff's seventh set of Requests for Production ("RFPs").  (Discovery Letter, Dkt. No. 302.)

As an initial matter, the Court again observes that the discovery letter fails to comply with its Civil Standing Order, specifically Paragraph 14(d).  (*See* Dkt. No. 294 (identifying Paragraph 14(d) and requiring that "[g]oing forward, the parties shall ensure full compliance with the Court's Civil Standing Order").)  Paragraph 14(d) specifies the format for discovery letters, providing the following example:

    **A.**    **Request for Production No. 7**

        [Summarize the issue and reproduce the request.]

    <u>Defendant's Position</u>

        [Defendant's position outlining why Plaintiff's response is deficient and the relief

requested.]

Plaintiff's Position

[Plaintiff's rationale as to why he fully responded to the request, etc.] (Judge Westmore Civil Standing Order ¶ 14(d).)

Given the parties' repeated failure to comply with the Court's standing order despite prior admonishments, the Court would be within its discretion to terminate the discovery letter. For the sake of efficiency, however, the Court will resolve the discovery letter on its merits. Going forward, the failure to fully comply with the Court's standing order will result in the summary termination of the parties' discovery letter.

**A.    RFP Nos. 1-3**

Per Plaintiff, RFP Nos. 1-3 "seek the transactional record for F5's 2019 acquisition of NGINX, Inc., including the Merger Agreement, related agreements referencing NGINX software and source code, and the closing binders." (Discovery Letter at 1.)

As the Court has repeatedly noted, the current phase of discovery is limited to whether the NGINX Plus code was written by individual Defendants before the end of **2011**. Plaintiff's RFPs for transactional documents related to the **2019** acquisition goes outside of this scope. As Defendants correctly note, "financial terms, regulatory filings, or transactional mechanics of a corporate acquisition eight years later in 2019" have little connection to the current phase of discovery. (Discovery Letter at 3.) At best, Plaintiff suggests that Defendant F5's due diligence materials may include information about when the NGINX Plus code was written, but the RFPs go far beyond that limited scope.

Accordingly, the Court ORDERS production of any due diligence documents that specifically discuss authorship of the NGINX Plus code before the end of 2011. Defendants need not produce any other documents. If such documents do not exist, no production is required.

**B.    RFP Nos. 4-7**

RFP Nos. 4-7 concern the treatment, migration, and disposition of NGINX software and source code. (Discovery Letter at 2.) Plaintiff asserts that this information is "relevant because they likely show the locations of certain code that later became part of NGINX Plus and whether it

United States District Court
Northern District of California

was retained." (*Id.*)  In response, Defendants agreed to produce documents "sufficient to show the transfer, migration, retention, or decommission of NGINX code repositories and document systems." (*Id.* at 5.)

Although Plaintiff argues that these RFPs are relevant to show the location of code, Plaintiff fails to explain why Defendants' proffer is insufficient to provide this information. (Discovery Letter at 2.)  Courts have found that where the scope of the RFPs "would lead to the production of duplicative and redundant data . . . the RFPs shall be limited to the production of documents 'sufficient to show' the requested information." *Knature Co. v. Duc Heung Grp.*, No. 2:20-cv-03877-DMG-AFMx, 2021 U.S. Dist. LEXIS 120623, at *9 (C.D. Cal. Jan. 21, 2021); *see also In re Subpoena to Kaiser Found. Health Plan Inc.*, No. 25-mc-80379-LJC, 2026 U.S. Dist. LEXIS 28812, at *15 (N.D. Cal. Feb. 11, 2026) (limiting production of documents to those "sufficient to show" where the request seeking all documents was overbroad given the primary purpose of the requests).  As Defendants point out, Plaintiffs have not shown a need for production of, for example, "every system log, migration ticket, work order, and other miscellaneous document related to F5's onboarding of NGINX systems or document retention." (Discovery Letter at 5.)  Thus, no further production is required.

### C.    RFP No. 12(iii)

RFP No. 12(iii) seeks training materials, guidance documents, or communications provided to Defendants' employees from the date of the NGINX acquisition to the present regarding requirements for using Defendant F5's e-mails accounts and resources.  (Discovery Letter at 3.)  Defendants have agreed to provide its retention policies in effect between the acquisition and the filing of the complaint, as well as post-dating the filing of the complaint.  (*Id.* at 5.)

Plaintiff argues that these documents are relevant to the "absence of custodial files central to Phase 1," but fails to explain how.  (Discovery Letter at 3.)  The acquisition occurred in 2019. Any policies regarding the use of Defendant F5's e-mail accounts and resources would not have applied during the relevant time period, *i.e.*, before the end of 2011.  No further production is required.

United States District Court
Northern District of California

This order disposes of Dkt. No. 302.

IT IS SO ORDERED.

Dated: July 9, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

4